BRUCE W. KELLEY, ESQ.
Nevada Bar No. 7331
ERON Z. CANNON, ESQ.
Nevada Bar No. 8013
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101
Attorneys for Plaintiffs

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>vs.<br><br>PETER MARIO BALLE, D.C., SEBASTIAN P. BALLE, M.D., ARTHUR ROSSI, D.C., RICHARD CHARETTE, ELITE ATL, LLC., ACCIDENT INJURY MEDICAL CENTER, INC., ACCIDENT TRIAL LAWYERS, LLC, ACCIDENT TRIAL LAWYERS, INC., REAL TIME MARKETING, INC., EXPERT MANAGEMENT, INC., ANDREW TAYLOR, RAMSEY AND ASSOCIATES, INC., and DENNIS RAMSEY,<br><br>Defendants. | CASE NO. 2:10-CV-02205-KJD-GWF<br><br>**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** |

PLAINTIFFS, ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY

& CASUALTY INSURANCE COMPANY and ALLSTATE FIRE & CASUALTY

INSURANCE COMPANY (hereinafter "Plaintiffs") and Defendants PETER MARIO BALLE,

D.C., SEBASTIAN P. BALLE, M.D., ARTHUR ROSSI, D.C., ACCIDENT INJURY MEDICAL

1  CENTER, INC., ACCIDENT TRIAL LAWYERS, LLC, RAMSEY AND ASSOCIATES, INC.,

2  and DENNIS RAMSEY, (collectively "Defendants"), by and through their respective attorneys of

3  record, hereby agree as follows:

4  **RECITALS**

5  1.  WHEREAS, Plaintiffs and Defendants are in possession of documents which may

6  constitute private personal information about third parties that is protected by the Health

7  Insurance Portability and Accountability Act of 1996, but which the parties may otherwise be

8  required to produce pursuant to FRCP Rule 26 and/or in response to a validly served Request for

9  Production of Documents pursuant to FRCP Rule 34;

10  2.  WHEREAS the parties wish to prevent the possibility of any misuse or

11  unnecessary disclosure of information protected by a privacy right and/or confidentiality;

12  3.  WHEREAS, while patient health information is generally private information, 45

13  C.F.R. § 164.512 expressly allows for the disclosure of a patient's health information in the

14  course of any judicial proceeding either in response to (1) a discovery request where the parties

15  have agreed upon a protective order and have presented it to the court or (2) a court order.

16  **STIPULATION**

17  1.  IT IS THEREFORE STIPULATED, pending further order of the Court, that the

18  following procedures designed to ensure the protection of private and/or confidential information

19  shall govern all forthcoming pre-trial discovery proceedings:

20  2.  Any and all documents, materials or information produced in discovery in this

21  matter and designated as being confidential, such documents, materials or information, including

22  any copies, recordings, discs, prints, negative, summaries, or contents or substance thereof, are

23  subject to this stipulated Protective Order.

24  3.  This confidential information may be shown, or its contents disclosed only to the

25  following persons:

26  a.  Counsel of record in this action and counsel's agents and employees;

27  b.  Any expert used as a consultant or intended to be called as a witness who is

28  retained by counsel of record to assist in the preparation and/or trial of this case;

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

2

c.   The parties to this action and their agents and employees; and

d.   The jury and members of the Court as necessary for a complete adjudication of this matter.

4.    Confidential information designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives them a reasonable time to object, at least thirty (30) calendar days.   In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute.   If an objection is made in writing, the information shall not be disclosed until the Court has issued a decision determining that disclosure of the document is appropriate.

5.    Confidential information designated as subject to this stipulated Protective Order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not for any business purpose or any other purpose whatsoever or for any other litigation matter.   The information shall be used by counsel only for purposes of this litigation and for no other purpose.   Any party receiving confidential information shall return the protected health information, including all copies made, to the party providing the information, at the conclusion of the litigation or proceeding.

6.    The parties enter into this stipulated Protective Order without prejudice to any parties' right to object to the disclosure of any information on any ground that it/he/she may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of, this Protective Order based on a showing of good cause.

7.    The designation of any information as "confidential information" pursuant to this Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any confidential information in contemplation of law.   No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not

1   preclude a subsequent attack on the propriety of any "confidential information" designation.

2       8.      If confidential information is improperly disclosed to any person other than in the

3   manner authorized by this Protective Order, the party responsible for the disclosure must

4   immediately inform the other parties of all pertinent facts relating to such disclosure, including

5   the name and address of each person to whom disclosure was made, and shall make reasonable

6   efforts to prevent further disclosure by said authorized person(s).

7       9.      If any person breaches this stipulated Protective Order, any person may notice a

8   hearing to the United States District Court, District of Nevada, requesting appropriate equitable

9   relief and monetary damages.  Any party may request a hearing in the United States District

10  Court, District of Nevada, challenging any party's classification of information as confidential.

11      10.     In the event suit is brought and/or a motion is filed to enforce or interpret any part

12  of this stipulated Protective Order, the prevailing party shall be entitled to recover reasonable

13  attorneys' fees as an element of its/his/her costs of suit.  The "prevailing party" shall be the party

14  who succeeds on any suit or motion brought to enforce the terms of this stipulated protective

15  order and will be entitled to recover its/his/her costs of the suit or motion, whether or not this

16  matter proceeds to final judgment.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

4

STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON

Dated: June 10, 2011

                                     McCORMICK, BARSTOW, SHEPPARD,
                                             WAYTE & CARRUTH LLP


                                     By:   /s/ Bruce W. Kelley
                                             BRUCE W. KELLEY, ESQ.
                                             ERON Z. CANNON, ESQ.
                                             Attorneys for Plaintiffs


                                     THE COBEAGA LAW FIRM

Dated: June 10, 2011


                                     By:      /s/ J. Mitchell Cobeaga
                                             J. MITCHELL COBEAGA
                                             Attorney for Defendant
                                             ARTHUR ROSSI, DC


                                     THE LAW OFFICES OF KAREN H. ROSS

Dated: June 10, 2011


                                     By:        /s/ Karen H. Ross
                                             KAREN H. ROSS
                                             Attorney for Defendant
                                     ACCIDENT INJURY MEDICAL CENTER,
                                                     INC.


                                     HILTON, ENGLISH AND ASSOCIATES

Dated: June 10, 2011


                                     By:            /s/ Cory J. Hilton
                                             CORY J. HILTON
                                             Attorney for Defendant
                                             SEBASTIAN P. BALLE, MD

STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: June 10, 2011

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.


By:___/s/ Joseph P. Garin_____
JOSEPH P. GARIN
STEPHEN G. KEIM
Attorney for Defendants
ANDREW TAYLOR
ACCIDENT TRIAL LAWYERS, LLC

Dated: June 10, 2011

ANDERSON, TAYLOR,
MORTENSON & SANDERS


By:_____/s/ Jennifer Micheli_____
DAVID J. MORTENSEN
JENNIFER MICHELI
Attorney for Defendants
DENNIS RAMSEY; RAMSEY & ASSOCIATES

ARNTZ ASSOCIATES, INC.

Dated: June 10, 2011


By:_____/s/ E. Breen Arntz_____
E. BREEN ARNTZ
Attorney for Defendant
PETER MARIO BALLE

///
///
///
///
///
///
///
///

1    (PROPOSED) ORDER

2           GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING

3    STIPULATED TO THE SAME, the Court finds that the above-stated **STIPULATED**

4    **PROTECTIVE ORDER** is sanctioned by the Court. and shall be and now is the Order of the

5    Court.  All Parties in this action shall abide by the terms of this **STIPULATED PROTECTIVE**

6    **ORDER** as to the disclosure of any all Confidential documents and information produced in

7    connection with any discovery undertaken in this case.

8           **IT IS SO ORDERED**

9

10   Dated:  June ___13___, 2011

11

12                                                                  _____
                                                                    GEORGE FOLEY, JR.
13                                                                  United States Magistrate Judge

14

15   03246/01522-1738522.v1

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

7