1

2

3

4

5                          **UNITED STATES DISTRICT COURT**

6                               **DISTRICT OF NEVADA**

7

8   ALLSTATE INSURANCE COMPANY, et
    al.,
9                                               Case No. 2:10-CV-02205-KJD-GWF
            Plaintiffs,
10                                              **ORDER**

    v.
11
    PETER MARIO BALLE, D.C., et al.,
12
            Defendants.
13

14          Presently before the Court are Defendants' Motions to Dismiss (##7, 9, 13, 59).  Plaintiffs

15   filed Oppositions (##12, 19, 20, 60) to which Defendants replied.  Specifically, Defendants request

16   that the Court dismiss Plaintiffs' cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) for

17   failure to state a claim upon which relief can be granted.

18          Plaintiffs filed their initial Complaint (#1) on December 20, 2010.  The initial Complaint (#1)

19   and Amended Complaint (#17) allege violations of federal and state Racketeering and Corrupt

20   Organizations Acts with various fraud-based activities as the predicate crimes.  Plaintiffs also include

21   counts of common-law fraud and conspiracy to defraud.

22   **I. Legal Standard**

23          Rule 9(b) states that a party asserting a claim for fraud "must state with particularity the

24   circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  This heightened requirement may be met

25   by making allegations "specific enough to give defendants notice of the particular misconduct which

26   is alleged to constitute the fraud charged so that they can defend against the charge and not just deny

1

2  that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)

3  (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). Such allegations must "state the

4  time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]."

5  Schreiber Distrib. Co. v. Serve-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

6  **II. Analysis**

7       **A. Heightened Pleading Standard**

8       Defendants correctly note that Plaintiffs' complaint fails to meet the heightened pleading

9  standard of cases involving fraud under Rule 9(b) since Plaintiffs' Amended Complaint (#17) fails to

10  state with particularity the circumstances constituting fraud.  However, Plaintiffs aver in their

11  Opposition (#12) that they possess sufficient information to meet the heightened pleading standard of

12  Rule 9(b), but refrained from including the information in their pleadings because of its confidential

13  nature.  Specifically, Plaintiffs refrained from including in their pleadings information regarding the

14  identities, medical treatments, and dates of medical treatments of the patients that Defendants

15  allegedly used to commit the alleged fraud.

16       Plaintiffs requested that the Court grant a protective order so they could furnish the Court

17  with confidential facts that would allow them to state, with particularity, the circumstances

18  constituting fraud.  Magistrate Judge George Foley, Jr. entered a Protective Order Governing

19  Confidentiality of Documents (#52) on June 13, 2011.  The Protective Order provides that, with the

20  Court's leave, the parties may seal documents that are deemed to contain confidential or secret

21  information.  Plaintiffs further request that, in the event that the Court finds Plaintiffs' pleadings

22  insufficient to meet Rule 9(b) standards, the Court grant them leave to amend.

23       **B. Leave to Amend**

24       "After a party has amended a pleading once as a matter of course, it may only amend further

25  after obtaining leave of the court, or by consent of the adverse party."  Fed. R. Civ. P. 15(a).  Rule

26  15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."  Fed. R.

1

2  Civ. P. 15(a)(2).  Under this standard, there is a general "policy to permit amendment with 'extreme

3  liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band

4  of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  This "extreme liberality" is

5  tempered, however, by other considerations.  Thus, "[w]hen considering a motion for leave to

6  amend, a district court must consider whether the proposed amendment results from undue delay, is

7  made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic."  Id. (citing

8  Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Forsyth v. Humana, Inc., 114 F.3d 1467, 1482

9  (9th Cir. 1997).  The reviewing court should also consider the futility of the proposed amendment.

10  See Eminence Capital, LLC  v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman,

11  371 U.S. at 182).  Where there is undue prejudice to the opposing party, see Eminence, 316 F.3d at

12  1052, or futility of amendment, see Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), such factors

13  can, by themselves, "justify the denial of a motion for leave to amend," Id.  Additionally, where there

14  is "a strong showing of any of the remaining . . . factors," denial of a motion for leave to amend is

15  also justified.  Eminence, 316 F.3d at 1052.

16      The Court finds that Plaintiffs' request for leave to amend was not made in bad faith or as an

17  attempt to cause delay.  Additionally, granting Plaintiffs leave to amend would not unduly prejudice

18  the Defendants.  The Court finds that Plaintiffs' request for leave to amend is not futile and should

19  therefore be granted.  Due to the sensitive nature of the information required to cure the defects in

20  Plaintiffs' pleadings, Plaintiffs have leave of the Court to seal the newly-amended complaint

21  pursuant to the Protective Order Governing Confidentiality of Documents (#52).

22  **III. Conclusion**

23      Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs file a sealed and amended

24  complaint curing the deficiencies in their pleadings within fifteen (15) days, after which, Defendants

25  may re-file their motions to dismiss.

26

1

2      **IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (##7, 9, 13, 59) are

3 **DENIED** as moot.

4      Dated this 26th day of July 2011.

5

6                  _____

                  Kent J. Dawson

7                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4