# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*

      Plaintiffs,

v.

PETER MARIO BALLE, D.C., *et al.*,

      Defendants.

Case No. 2:10-CV-02205-KJD-GWF

**ORDER**

The following motions are before the Court:

(1) Defendants Ramsey and Associates and Dennis Ramsey's Motion to Dismiss (#64) to which Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Allstate Fire & Casualty Insurance Company (collectively "Allstate" or "Plaintiffs") filed an opposition (#65) and Defendants Ramsey and Ramsey and Associates (the "Ramsey Defendants") filed a reply (#69);

(2) Defendant Accident Trial Lawyers, Inc.'s ("ATL, Inc") Motion to Dismiss (#66) to which Allstate filed an opposition (#74);

(3) Defendant Andrew Taylor and Accident Trial Lawyers, LLC's Motion to Dismiss and Partial Joinder to the Ramsey Defendants' Motion to Dismiss (#67) to which Allstate filed an opposition (#75);

(4) Defendant Accident Injury Medical Center, Inc. "AMI" and Arthur Rossi's Motion to Dismiss or Alternatively, Motion for Summary Judgment (#68) to which Allstate filed an opposition

1   (#76) and Defendants Andrew Taylor and Accident Injury Medical Center, Inc. filed replies (## 79,

2   80); and,

3          (5) Defendants Sebastian P. Balle (#71) and Peter Mario Balle's (#77) joinders to Accident

4   Injury Medical Center's Motion to Dismiss (#68) to which Allstate responded (##78, 81).[1]

5   I.  Background

6          In its complaint, Allstate states various causes of action against Dennis Ramsey, Ramsey and

7   Associates, ATL, Inc., Andrew Taylor, Accident Trial Lawyers, LLC, Accident Injury Medical

8   Center, Inc., Arthur Rossi, Sebastian P. Balle, and Peter Mario Balle (collectively "Defendants") for

9   (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 USC § 1962(c)

10  – Conduct of Enterprise Through Racketeering; (2) violation of RICO 18 USC § 1962(d) –

11  Conspiracy; (3) Fraud and Intentional Misrepresentations; (4) Conspiracy to Defraud; (5) violation of

12  Nevada State Racketeer Influenced and Corrupt Organizations Act NRS §207.400; (6) Innocent

13  Victim Enterprise violation of NRS §207.400(c); (7) constructive trust and unjust enrichment; and,

14  (8) Negligent Misrepresentation.

15         The Second Amended Complaint ("SAC") alleges that Allstate made settlement payments to

16  approximately 86 claimants who were involved in automobile accidents.  According to Allstate, the

17  Defendants, as part of an enterprise, submitted bills for medical treatment that were falsified, greatly

18  exaggerated, medically unnecessary, or inadequately performed to inflate the amount for which the

19  claim would be settled.

20         Allstate filed its initial complaint in December of 2010 (#1) and a First Amended Complaint,

21  which added another Allstate entity as a plaintiff, on March 4, 2011 (#17).  Several of the Defendants

22  filed motions to dismiss the First Amended Complaint. The Court concluded in its July 26, 2011

23  _____

24         [1]  The Federal Rules of Civil Procedure do not provide a mechanism for parties to join the motions of other
     parties.  The Court discourages this unhelpful practice, particularly when, as here, the joinders contain additional

25  arguments or are embedded in other pleadings.  For example, Defendant Peter Balle's Joinder (#77) provides 15 pages of
     argument and a 29 page attachment.  Defendant Taylor and ATI included a partial joinder within their Motion to Dismiss

26  (#67).  The arguments of each party should be presented in a separate motion which can be individually docketed,
     responded to, and addressed by the Court.  See District of Nevada, Special Order 109.

1  Order (#61) that the First Amended Complaint lacked the requisite specificity because Allstate had

2  declined to include confidential and private information about the claimants, who are not parties to

3  this litigation.  Because a protective order had been entered in the case, the Court gave Allstate leave

4  to file a sealed amended complaint which included the personal information that it had omitted from

5  the First Amended Complaint.

6      Allstate filed its 42-page Second Amended Complaint ("SAC") with the Court on August 10,

7  2011 (#62).  In the body of the complaint, Plaintiffs plead facts showing fraud with respect to certain

8  claimants which Allstate considers representative.  For the remainder of the claimants at issue,

9  Allstate attached the medical records of each claimant that they allege to have received fraudulent

10  treatment and incorporated this information by reference.

11      II.  Discussion

12      A.  Legal Standard For Motion to Dismiss

13      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

14  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937,

15  1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

16  context of a motion to dismiss, means that the plaintiff has plead facts which allow "the court to

17  draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Iqbal

18  evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the

19  complaint that are not entitled to the assumption of truth," that is, those allegations which are legal

20  conclusions, bare assertions, or merely conclusory.  Id. at 1949–51.  Second, the Court considers the

21  factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the

22  allegations state plausible claims for relief, such claims survive the motion to dismiss.  Id. at 1950.

23      B.  Sufficiency of Pleading Fraud Claims

24      Fed. R. Civ. P Rule 8(a)(2) requires the complaint to contain "a short and plain statement of

25  the claim showing that the pleader is entitled to relief."  When causes of action based on fraud are

26  alleged, Rule 9(b) mandates that "a party must state with particularity the circumstances constituting

fraud..."and "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir.1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). Rule 9(b)'s requirement that allegations of fraud be plead with particularity applies to both federal and state civil RICO claims. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065–66 (9th Cir.2004); Hale v. Burkhardt, 104 Nev 632 (1988). Claims of negligent misrepresentation must also be pled with particularity pursuant to Fed. R. Civ. P. 9(b). See Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1996).

Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985)) (internal quotations omitted, brackets in original).

Defendants argue that Allstate has failed to comply with Rule 9(b)'s particularity requirement because the SAC does not allege in the body of the complaint the circumstances of fraudulent billing and treatment as to each individual claimant. Instead, Allstate has described the alleged pattern of the fraud and identified the alleged perpetrators. Allstate also attached to the SAC, 18,000 pages of medical records which Allstate alleges contain records of fraudulent treatment and billing practices. Allstate incorporates the medical records by reference and frequently cites to specific examples of allegedly fraudulent records throughout its complaint. According to Defendants, merely attaching the claimant's medical records without specifically alleging facts showing that the treatment or

4

1  billing was fraudulent does not provide the requisite level of information about the specific

2  misconduct.[2]

3            "The Federal Rules reject the approach that pleading is a game of skill in which one misstep

4  by counsel may be decisive to the outcome." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2

5  L.Ed.2d 80 (1957).  Allstate's SAC and the attachments to it provide sufficient information to put

6  Defendants on notice of the fraud claims pursuant to Fed. R. Civ. P. 9(b).   Allstate's SAC alleges the

7  existence of an enterprise and use of the mails with the intent to deceive or defraud. (See SAC ¶¶ 96-

8  99).  The SAC identifies each Defendant's role in the alleged fraudulent scheme, which lasted from

9  approximately 2004 to 2010. (See SAC ¶¶ 48-72.)  Specifically, the complaint alleges that, in

10 exchange for kickbacks and other financial gain, Defendants billed for treatments that were not

11 provided, generated and submitted fraudulent reports, and fabricated or exaggerated injuries to

12 claimants.[3]  The scheme was instituted so that Allstate would settle claims far above their actual

13 value.  The SAC provides examples of alleged fraud.  (See SAC at ¶¶ 45, 61, 62, 66.)  Additionally,

14 Allstate has included as an exhibit the records of the claimants containing the allegedly fraudulent

15 information upon which Allstate claims to have relied.  Now that a protective order has been entered,

16 the Court can properly examine these attached records to determine if Allstate can prove facts

17 supporting its claim.  See Amfac Mort. Corp v. Arizona Mall of Tempe, Inc., 483 F.2d 426 429-430

18 (9th Cir. 1978) (a court is not limited to the allegations in the complaint, but can consider documents

19 attached to complaint in ruling on motion to dismiss).

20

21

22     [2] In support of their Motion to Dismiss, Defendants AIM and Rossi have submitted evidence including 22
    affidavits of AIM patients, 19 of which are claimants identified in the SAC.  These affidavits purport to attest that the
23  treatment received was necessary and that the billing reflected in the records is true and correct.  Consideration of
    evidence outside the pleadings would convert AIM and Rossi's Motion to a motion to dismiss.  Fed. R. Civ. P. 12(d).
24  Summary judgment is premature at this stage since substantive discovery, including depositions, has not been completed.
    See Texas Partners v. Conrock Co., 685 F.2d 1116, 1119 (9th Cir. 1982) (finding summary judgment prior to adequate
25  discovery premature).  Accordingly, the Court will not consider the evidence and affidavits submitted by AIM and Rossi.

26     [3] The allegations as to Defendants Ramsey and Ramsey and Associates are limited to negligent
    misrepresentation and unjust enrichment.

1      Although Allstate has not identified each and every fraudulent statement made by the

2   defendants over the six year course of the alleged scheme, it has alleged several forms of

3   misrepresentation and deception on the part of Defendants over this extended period of time.  See

4   Newcal Industries, Inc. v. Ikon Office Solutions, 513 F.3d 1038, 1056 (9th Cir. 2008) (allegations of

5   several forms of misrepresentation and deception satisfied particularly requirement of rule 9(b).  The

6   SAC complies with the purposes of Rule 9(b) because the facts are sufficiently particular to put

7   Defendants on notice of the basis for the claims made by Allstate.  Further, the SAC does not appear

8   designed to harass the Defendants or burden the Court.  Accordingly, the SAC complies with the

9   pleading requirements of the federal rules and dismissal on the basis of insufficient particularity is

10   denied.

11      C.  Statute of Limitations

12      Civil RICO claims must be brought within four years of the date the action begins to accrue.

13   Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 156 (1987).  Nevada's RICO statute

14   provides for a five year limitations period.  NRS §207.520.  The other state law claims have a three

15   year limitations period. NRS §11.190(3)(d).  In each case, the limitations period begins to run when a

16   plaintiff knows or should know of the injury that underlies his cause of action.  A plaintiff is charged

17   with constructive knowledge "if it had enough information to warrant an investigation which, if

18   reasonably diligent, would have led to discovery of the fraud."  Living Designs, Inc. v. E.I. Dupont

19   de Nemours and Co., 431 F.3d 353, 365 (9th Cir. 2005) (citations omitted).  Whether a plaintiff was

20   aware of fraud for purposes of the statute of limitations is ordinarily a question of fact for a jury.

21   Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir.1988).

22      In this case, whether Allstate knew or should have become aware of fraud cannot be

23   determined at this early stage of the litigation.  See, e.g. Garter-Bare Co. v. Munsingwear, Inc., 723

24   F.2d 707, 711 (9th Cir.1984), cert. denied, 469 U.S. 980 (1984) (denying dispositive motion where

25   there was a dispute of fact susceptible to opposing inferences as to when the statute of limitations for

26   fraud commenced).  Allstate claims that it first became aware of the facts underlying its claim when

1   third parties with internal information alerted it to possible fraud.  According to Allstate, when it

2   received this information, it promptly commenced an investigation and discovered the injury at that

3   time.  Defendants argue that Allstate was not diligent and could have discovered the fraud as early as

4   2004.  However, Allstate has specifically alleged that it acted reasonably in relying on the

5   representations of Defendants and that Allstate could not have discovered the fraud through

6   reasonable diligence prior to 2009.  (SAC ¶¶ 71, 82, 100.)  This action was filed in 2010.  Based on

7   the allegations of the SAC, the Court cannot hold as a matter of law that Allstate's claims are barred

8   by the statute of limitations.  Accordingly, dismissal on statute of limitations grounds is denied.[4]

9           D. Dissolved Corporation

10          Defendant ATL, Inc. seeks dismissal pursuant to NRS §78.585, which bars suits against

11  dissolved corporations that were not commenced within two years of the date of dissolution.  In

12  Beazer Homes Nevada, Inc. v. Eighth Judicial Dist. Court, 120 Nev. 575 (Nev. 2004) the Nevada

13  Supreme Court held that NRS §78.585 "was intended to be interpreted consistently with [the

14  language in the statute of limitations] and that therefore a claim does not arise until a litigant

15  discovers, or reasonably should have discovered, the facts upon which a claim is based."  Id. at 587.

16          As discussed supra, Allstate has plead sufficient facts to show that it lacked knowledge of the

17  claim prior to approximately 2009 and promptly filed suit after extensive investigation of the claims

18  at issue.  Accordingly, ATL, Inc.'s Motion to Dismiss is denied.

19          E.  Individual Liability of Ramsey as Officer, Director, or Shareholder of ATL, Inc.

20          Individual liability generally does not extend to officers, directors, or stockholders of a

21  corporation.  NRS §78.747.  However, the corporate veil may be pierced when (1) The corporation is

22  influenced and governed by the person asserted to be its alter ego; (2) There is such unity of interest

23  _____

24          [4] To the extent Defendants seek dismissal based on estoppel, "[i]t is elementary that one who is guilty of fraud
    cannot urge estoppel (or waiver) against the other party to the contract for the purpose of making his fraud effective."

25  U.S. v. Willoughby, 250 F.2d 524, 529 (9th Cir. 1957) (citations omitted).  A settlement based on fraud cannot be the
    basis of a claim of estoppel or waiver so Allstate's allegations, if true, would be sufficient to preclude assertion of this

26  defense.

1    and ownership that one is inseparable from the other; and (3) The facts are such that adherence to the

2    fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice.

3    McCleary Cattle Co. v. Sewell, 73 Nev. 279, 282, 317 P.2d 957, 959 (1957).

4        ATL, Inc. argues that Dennis Ramsey is shielded from liability for the acts of ATL, Inc.

5    because he was an officer of the corporation. However, the SAC alleges that ATL, Inc. was the alter-

6    ego of Ramsey. Specifically, Allstate avers that ATL, Inc. was controlled by Ramsey since he was

7    the only attorney and managed the operations of ATL, Inc. Allstate alleges that Ramsey failed to

8    observe corporate formalities and commingled personal funds with the funds of ATL, Inc. Finally,

9    Allstate alleges that ATL Inc. through Ramsey, negligently misrepresented the legitimacy of the

10    medical care of its clients in obtaining settlements with Allstate. If true, these facts are sufficient to

11    find that ATL, Inc. was an alter-ego of Ramsey and hold Ramsey personally liable for the acts of

12    ATL, Inc. Accordingly, ATL Inc.'s Motion to Dismiss is denied.

13        F. Constructive Trust

14        To impose a constructive trust, Nevada courts require evidence showing: "(1) [that] a

15    confidential relationship exists between the parties; (2) retention of legal title by the holder thereof

16    against another would be inequitable; and (3) the existence of such a trust is essential to the

17    effectuation of justice." Waldman v. Maini, 124 Nev. 1121, 1131, 195 P.3d 850, 857 (Nev. 2008).

18        Allstate seeks a constructive trust, but acknowledges that "it is true that no fiduciary or

19    confidential relationship exists between the parties." (Doc. #65 at 14:22-23). Allstate has an

20    adequate remedy at law for its alleged damages. Accordingly, the remdy of constructive trust cannot

21    be maintained and the Motion of Defendants Ramsey and Associates and Dennis Ramsey to dismiss

22    Allstate's request for constructive trust is granted.

23        III. Conclusion

24        **IT IS HEREBY ORDERED THAT** Defendants Ramsey and Associates and Dennis

25    Ramsey's Motion to Dismiss (#64) is **GRANTED IN PART** and **DENIED IN PART**.

26

1    **IT IS FURTHER ORDERED** that Defendant Accident Trial Lawyers, Inc.'s Motion to

2  Dismiss (#66) is **DENIED**.

3    **IT IS FURTHER ORDERED THAT** Defendant Andrew Taylor and Accident Trial

4  Lawyers, LLC's Motion to Dismiss and Partial Joinder to the Ramsey Defendants' Motion to

5  Dismiss (#67) is **DENIED**.

6    **IT IS FURTHER ORDERED THAT** Defendant Accident Injury Medical Center, Inc. and

7  Arthur Rossi's Motion to Dismiss or Alternatively, Motion for Summary Judgment (#68) is

8  **DENIED**.

9    DATED this 16th day of March 2012.

10

11

12  _____

13  Kent J. Dawson
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26