# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*

    Plaintiffs,

v.

PETER MARIO BALLE, D.C., *et al.*,

    Defendants.

Case No. 2:10-CV-02205-KJD-GWF

**ORDER**

The following motions are before the Court:

(1) Defendants Ramsey and Associates and Dennis Ramsey's Motion to Dismiss (#64) to which Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Allstate Fire & Casualty Insurance Company (collectively "Allstate" or "Plaintiffs") filed an opposition (#65) and Defendants Ramsey and Ramsey and Associates (the "Ramsey Defendants") filed a reply (#69);

(2) Defendant Accident Trial Lawyers, Inc.'s ("ATL, Inc") Motion to Dismiss (#66) to which Allstate filed an opposition (#74);

(3) Defendant Andrew Taylor and Accident Trial Lawyers, LLC's Motion to Dismiss and Partial Joinder to the Ramsey Defendants' Motion to Dismiss (#67) to which Allstate filed an opposition (#75);

(4) Defendant Accident Injury Medical Center, Inc. "AMI" and Arthur Rossi's Motion to Dismiss or Alternatively, Motion for Summary Judgment (#68) to which Allstate filed an opposition

(#76) and Defendants Andrew Taylor and Accident Injury Medical Center, Inc. filed replies (## 79, 80); and,

(5) Defendants Sebastian P. Balle (#71) and Peter Mario Balle's (#77) joinders to Accident Injury Medical Center's Motion to Dismiss (#68) to which Allstate responded (##78, 81).[1]

I.  Background

In its complaint, Allstate states various causes of action against Dennis Ramsey, Ramsey and Associates, ATL, Inc., Andrew Taylor, Accident Trial Lawyers, LLC, Accident Injury Medical Center, Inc., Arthur Rossi, Sebastian P. Balle, and Peter Mario Balle (collectively "Defendants") for (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 USC § 1962(c) – Conduct of Enterprise Through Racketeering; (2) violation of RICO 18 USC § 1962(d) – Conspiracy; (3) Fraud and Intentional Misrepresentations; (4) Conspiracy to Defraud; (5) violation of Nevada State Racketeer Influenced and Corrupt Organizations Act NRS §207.400; (6) Innocent Victim Enterprise violation of NRS §207.400(c); (7) constructive trust and unjust enrichment; and, (8) Negligent Misrepresentation.

The Second Amended Complaint ("SAC") alleges that Allstate made settlement payments to approximately 86 claimants who were involved in automobile accidents.  According to Allstate, the Defendants, as part of an enterprise, submitted bills for medical treatment that were falsified, greatly exaggerated, medically unnecessary, or inadequately performed to inflate the amount for which the claim would be settled.

Allstate filed its initial complaint in December of 2010 (#1) and a First Amended Complaint, which added another Allstate entity as a plaintiff, on March 4, 2011 (#17).  Several of the Defendants filed motions to dismiss the First Amended Complaint. The Court concluded in its July 26, 2011

---

[1] The Federal Rules of Civil Procedure do not provide a mechanism for parties to join the motions of other parties.  The Court discourages this unhelpful practice, particularly when, as here, the joinders contain additional arguments or are embedded in other pleadings.  For example, Defendant Peter Balle's Joinder (#77) provides 15 pages of argument and a 29 page attachment.  Defendant Taylor and ATI included a partial joinder within their Motion to Dismiss (#67).  The arguments of each party should be presented in a separate motion which can be individually docketed, responded to, and addressed by the Court.  See District of Nevada, Special Order 109.

2

Order (#61) that the First Amended Complaint lacked the requisite specificity because Allstate had declined to include confidential and private information about the claimants, who are not parties to this litigation. Because a protective order had been entered in the case, the Court gave Allstate leave to file a sealed amended complaint which included the personal information that it had omitted from the First Amended Complaint.

Allstate filed its 42-page Second Amended Complaint ("SAC") with the Court on August 10, 2011 (#62). In the body of the complaint, Plaintiffs plead facts showing fraud with respect to certain claimants which Allstate considers representative. For the remainder of the claimants at issue, Allstate attached the medical records of each claimant that they allege to have received fraudulent treatment and incorporated this information by reference.

II. Discussion

A. Legal Standard For Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

B. Sufficiency of Pleading Fraud Claims

Fed. R. Civ. P Rule 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When causes of action based on fraud are alleged, Rule 9(b) mandates that "a party must state with particularity the circumstances constituting

fraud..."and "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir.1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). Rule 9(b)'s requirement that allegations of fraud be plead with particularity applies to both federal and state civil RICO claims. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065–66 (9th Cir.2004); Hale v. Burkhardt, 104 Nev 632 (1988). Claims of negligent misrepresentation must also be pled with particularity pursuant to Fed. R. Civ. P. 9(b). See Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1996).

      Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985)) (internal quotations omitted, brackets in original).

      Defendants argue that Allstate has failed to comply with Rule 9(b)'s particularity requirement because the SAC does not allege in the body of the complaint the circumstances of fraudulent billing and treatment as to each individual claimant. Instead, Allstate has described the alleged pattern of the fraud and identified the alleged perpetrators. Allstate also attached to the SAC, 18,000 pages of medical records which Allstate alleges contain records of fraudulent treatment and billing practices. Allstate incorporates the medical records by reference and frequently cites to specific examples of allegedly fraudulent records throughout its complaint. According to Defendants, merely attaching the claimant's medical records without specifically alleging facts showing that the treatment or

billing was fraudulent does not provide the requisite level of information about the specific misconduct.[2]

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Allstate's SAC and the attachments to it provide sufficient information to put Defendants on notice of the fraud claims pursuant to Fed. R. Civ. P. 9(b). Allstate's SAC alleges the existence of an enterprise and use of the mails with the intent to deceive or defraud. (See SAC ¶¶ 96-99). The SAC identifies each Defendant's role in the alleged fraudulent scheme, which lasted from approximately 2004 to 2010. (See SAC ¶¶ 48-72.) Specifically, the complaint alleges that, in exchange for kickbacks and other financial gain, Defendants billed for treatments that were not provided, generated and submitted fraudulent reports, and fabricated or exaggerated injuries to claimants.[3] The scheme was instituted so that Allstate would settle claims far above their actual value. The SAC provides examples of alleged fraud. (See SAC at ¶¶ 45, 61, 62, 66.) Additionally, Allstate has included as an exhibit the records of the claimants containing the allegedly fraudulent information upon which Allstate claims to have relied. Now that a protective order has been entered, the Court can properly examine these attached records to determine if Allstate can prove facts supporting its claim. See Amfac Mort. Corp v. Arizona Mall of Tempe, Inc., 483 F.2d 426 429-430 (9th Cir. 1978) (a court is not limited to the allegations in the complaint, but can consider documents attached to complaint in ruling on motion to dismiss).

---

[2] In support of their Motion to Dismiss, Defendants AIM and Rossi have submitted evidence including 22 affidavits of AIM patients, 19 of which are claimants identified in the SAC. These affidavits purport to attest that the treatment received was necessary and that the billing reflected in the records is true and correct. Consideration of evidence outside the pleadings would convert AIM and Rossi's Motion to a motion to dismiss. Fed. R. Civ. P. 12(d). Summary judgment is premature at this stage since substantive discovery, including depositions, has not been completed. See Texas Partners v. Conrock Co., 685 F.2d 1116, 1119 (9th Cir. 1982) (finding summary judgment prior to adequate discovery premature). Accordingly, the Court will not consider the evidence and affidavits submitted by AIM and Rossi.

[3] The allegations as to Defendants Ramsey and Ramsey and Associates are limited to negligent misrepresentation and unjust enrichment.

5

Although Allstate has not identified each and every fraudulent statement made by the defendants over the six year course of the alleged scheme, it has alleged several forms of misrepresentation and deception on the part of Defendants over this extended period of time. See Newcal Industries, Inc. v. Ikon Office Solutions, 513 F.3d 1038, 1056 (9th Cir. 2008) (allegations of several forms of misrepresentation and deception satisfied particularly requirement of rule 9(b). The SAC complies with the purposes of Rule 9(b) because the facts are sufficiently particular to put Defendants on notice of the basis for the claims made by Allstate. Further, the SAC does not appear designed to harass the Defendants or burden the Court. Accordingly, the SAC complies with the pleading requirements of the federal rules and dismissal on the basis of insufficient particularity is denied.

### C.  Statute of Limitations

Civil RICO claims must be brought within four years of the date the action begins to accrue. Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 156 (1987). Nevada's RICO statute provides for a five year limitations period. NRS §207.520. The other state law claims have a three year limitations period. NRS §11.190(3)(d). In each case, the limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action. A plaintiff is charged with constructive knowledge "if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." Living Designs, Inc. v. E.I. Dupont de Nemours and Co., 431 F.3d 353, 365 (9th Cir. 2005) (citations omitted). Whether a plaintiff was aware of fraud for purposes of the statute of limitations is ordinarily a question of fact for a jury. Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir.1988).

In this case, whether Allstate knew or should have become aware of fraud cannot be determined at this early stage of the litigation. See, e.g. Garter-Bare Co. v. Munsingwear, Inc., 723 F.2d 707, 711 (9th Cir.1984), cert. denied, 469 U.S. 980 (1984) (denying dispositive motion where there was a dispute of fact susceptible to opposing inferences as to when the statute of limitations for fraud commenced). Allstate claims that it first became aware of the facts underlying its claim when

third parties with internal information alerted it to possible fraud. According to Allstate, when it received this information, it promptly commenced an investigation and discovered the injury at that time. Defendants argue that Allstate was not diligent and could have discovered the fraud as early as 2004. However, Allstate has specifically alleged that it acted reasonably in relying on the representations of Defendants and that Allstate could not have discovered the fraud through reasonable diligence prior to 2009. (SAC ¶¶ 71, 82, 100.) This action was filed in 2010. Based on the allegations of the SAC, the Court cannot hold as a matter of law that Allstate's claims are barred by the statute of limitations. Accordingly, dismissal on statute of limitations grounds is denied.[4]

D. Dissolved Corporation

Defendant ATL, Inc. seeks dismissal pursuant to NRS §78.585, which bars suits against dissolved corporations that were not commenced within two years of the date of dissolution. In Beazer Homes Nevada, Inc. v. Eighth Judicial Dist. Court, 120 Nev. 575 (Nev. 2004) the Nevada Supreme Court held that NRS §78.585 "was intended to be interpreted consistently with [the language in the statute of limitations] and that therefore a claim does not arise until a litigant discovers, or reasonably should have discovered, the facts upon which a claim is based." Id. at 587.

As discussed *supra*, Allstate has plead sufficient facts to show that it lacked knowledge of the claim prior to approximately 2009 and promptly filed suit after extensive investigation of the claims at issue. Accordingly, ATL, Inc.'s Motion to Dismiss is denied.

E. Individual Liability of Ramsey as Officer, Director, or Shareholder of ATL, Inc.

Individual liability generally does not extend to officers, directors, or stockholders of a corporation. NRS §78.747. However, the corporate veil may be pierced when (1) The corporation is influenced and governed by the person asserted to be its alter ego; (2) There is such unity of interest

---

[4] To the extent Defendants seek dismissal based on estoppel, "[i]t is elementary that one who is guilty of fraud cannot urge estoppel (or waiver) against the other party to the contract for the purpose of making his fraud effective." U.S. v. Willoughby, 250 F.2d 524, 529 (9th Cir. 1957) (citations omitted). A settlement based on fraud cannot be the basis of a claim of estoppel or waiver so Allstate's allegations, if true, would be sufficient to preclude assertion of this defense.

7

and ownership that one is inseparable from the other; and (3) The facts are such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice. McCleary Cattle Co. v. Sewell, 73 Nev. 279, 282, 317 P.2d 957, 959 (1957).

ATL, Inc. argues that Dennis Ramsey is shielded from liability for the acts of ATL, Inc. because he was an officer of the corporation. However, the SAC alleges that ATL, Inc. was the alter-ego of Ramsey. Specifically, Allstate avers that ATL, Inc. was controlled by Ramsey since he was the only attorney and managed the operations of ATL, Inc. Allstate alleges that Ramsey failed to observe corporate formalities and commingled personal funds with the funds of ATL, Inc. Finally, Allstate alleges that ATL Inc. through Ramsey, negligently misrepresented the legitimacy of the medical care of its clients in obtaining settlements with Allstate. If true, these facts are sufficient to find that ATL, Inc. was an alter-ego of Ramsey and hold Ramsey personally liable for the acts of ATL, Inc. Accordingly, ATL Inc.'s Motion to Dismiss is denied.

F.  Constructive Trust

To impose a constructive trust, Nevada courts require evidence showing: "(1) [that] a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice." Waldman v. Maini, 124 Nev. 1121, 1131, 195 P.3d 850, 857 (Nev. 2008).

Allstate seeks a constructive trust, but acknowledges that "it is true that no fiduciary or confidential relationship exists between the parties." (Doc. #65 at 14:22-23). Allstate has an adequate remedy at law for its alleged damages. Accordingly, the remdy of constructive trust cannot be maintained and the Motion of Defendants Ramsey and Associates and Dennis Ramsey to dismiss Allstate's request for constructive trust is granted.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendants Ramsey and Associates and Dennis Ramsey's Motion to Dismiss (#64) is **GRANTED IN PART** and **DENIED IN PART**.

1  **IT IS FURTHER ORDERED** that Defendant Accident Trial Lawyers, Inc.'s Motion to
2  Dismiss (#66) is **DENIED**.
3  **IT IS FURTHER ORDERED THAT** Defendant Andrew Taylor and Accident Trial
4  Lawyers, LLC's Motion to Dismiss and Partial Joinder to the Ramsey Defendants' Motion to
5  Dismiss (#67) is **DENIED**.
6  **IT IS FURTHER ORDERED THAT** Defendant Accident Injury Medical Center, Inc. and
7  Arthur Rossi's Motion to Dismiss or Alternatively, Motion for Summary Judgment (#68) is
8  **DENIED**.
9  DATED this 16th day of March 2012.

_____
Kent J. Dawson
United States District Judge