|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY,

        Plaintiffs,

vs.

PETER MARIO BALLE, D.C. et al.,

        Defendants.

2:10-cv-02205-KJD-RJJ

**O R D E R**

This matter came before the Court on Plaintiffs' Motion to Compel Responses to Requests for Production of Documents 1-4 (#113). The Court has considered the Plaintiffs' Motion (#113), the Motion's Exhibits (#114), Defendant Accident Injury Medical Center Inc.'s Response (#118), the Plaintiff's Notice of Non-Opposition by Defendant Peter Mario Belle (#119), the Plaintiff's Reply to Defendant Accident Injury medical Center (#120), Defendant Peter Mario Belle's Response (#121), and the Plaintiff's Reply to Defendant Peter Mario Belle's Response (#122).

**BACKGROUND**

The Plaintiffs allege that the Defendants exaggerated bills for treatments that were either not performed, medically unnecessary, and/or inadequately performed on the claimants. The Plaintiffs further allege that the Defendants prepared and/or caused to be presented to the Plaintiff medical records which falsely reported symptoms. Those medical records and bills, the Plaintiffs assert, were

knowingly falsified in order to substantiate personal injury claims and increase the settlement amount that insurers such as the Plaintiff would eventually pay.

The present motion centers around the Plaintiffs' access to the individual claimants' medical records. The Plaintiffs lack complete medical records of the claimants and are seeking access to those records from the providers. Without the medical records, the Plaintiffs argue, their experts will not be able to prepare complete reports, nor will the Plaintiffs be able to adequately prepare for the depositions of the Defendants.

The parties dispute whether disclosing the medical records is a violation of the Health Insurance Portability and Accountability Act (HIPAA). Under HIPPA, medical records can be disclosed pursuant to a qualified protective order. The parties signed, and the Court entered, a stipulated protective order on June 13, 2011. Stipulated Protective Order (#51). The Plaintiffs assert that the June 13, 2011, protective order is in compliance with HIPPA and thus the medical records must be disclosed. The Defendants, however believe they need another protective order or a court order before they can disclose the medical records.

## DISCUSSION

**I.     Accident Injury Medical Center Inc.**

Defendant Accident Injury Medical Center Inc. (AIM) agrees that the medical records are relevant to the litigation and may be disclosed under HIPAA pursuant to a qualified protective order or court order. AIM Response (#118) at 6, lines 18-21. Additionally, AIM agrees that the Stipulated Protective Order (#51) "includes provisions arguably sufficient to encompass and protect the disclosure of medical records." AIM Response (#118) at 6, lines 24-28. However, AIM has not disclosed the medical records because it is "hesitant" to do so due to some deponents' testimony that they were unaware that their medical records were being used for this litigation. *Id*. AIM has cited to no authority to substantiate its "hesitation" nor has it explained how the Stipulated Protective Order (#51) is not sufficient under HIPAA. AIM Response (#118) . Instead, AIM has requested a court order to ensure that it will be protected from the harsh penalties associated with violating HIPAA. AIM Response (#118) at 7, lines 3-7.

The Plaintiffs, on the other hand, argue that the Stipulated Protective Order (#51) was entered

- 2 -

into for this precise purpose and satisfies the HIPAA requirements for disclosure.

Under HIPPA, protected health materials may be disclosed so long as the disclosure is subject to a qualified protective order. 45 C.F.R. § 164.512(e). That qualified protective order must be:

> (v) . . . an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:
>
> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

*Id*.

Here, the Stipulated Protective Order (#51) states that "confidential information designated as subject to this stipulated protective order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not for any business purpose or any other purpose whatsoever or for any other litigation matter. Stipulated Protective Order (#51), paragraph 5. It goes on to state that "[a]ny party receiving confidential information shall return the protected health information, including all copies made, to the party providing the information, at the conclusion of the litigation or proceeding." *Id*. A comparison of these provisions in the Stipulated Protective Order (#51) to HIPAA 45 C.F.R. § 164.512(e)(v)(A) and (B) indicates that the Stipulated Protective Order (#51) was drafted in accordance with HIPPA and satisfied the protective order requirements. Accordingly, disclosure of the medical records is allowable under HIPPA.

**II.    Peter Mario Belle, D.C.**

Defendant Peter Mario Belle, D.C., filed his Response (#119) on July 5, 2012. The last day to file a response was June 29, 2012. Thus, the Response (#119) was untimely and will not be considered by the Court.

...

...

...

**ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Responses to Requests for Production of Documents 1-4 (#113) is **GRANTED.**

DATED this 22ND day of January, 2013.

NANCY J. KOPPE
United States Magistrate Judge