UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | |
| Plaintiffs, | 2:10-cv-02205-APG-NJK |
| vs. | |
| PETER MARIO BALLE, D.C., et al., | **O R D E R** |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Compel Discovery (#194). The Court has considered the Plaintiffs' Motion (#194), the Defendants' Response (#197), and the Plaintiffs' Reply (#199). The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**MEET AND CONFER**

The initial inquiry with any motion to compel, is whether the moving party made adequate meet and confer efforts.  Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party."  Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after  personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested

1  discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V.*
2  *Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation
3  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least
4  narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v.*
5  *Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the
6  informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial
7  review of discovery disputes." *Id*. This is done when the parties "present to each other the merits
8  of their respective positions with the same candor, specificity, and support during the informal
9  negotiations as during the briefing of discovery motions." *Id*.

10  The Plaintiffs state in the Affidavit attached to the Motion to Compel that the parties have
11  "been in contact" and discussed the disputed discovery requests since November 20, 2012.
12  Affidavit of Eron Cannon, Esq., attached as Exhibit H to Motion to Compel (#194). The
13  Affidavit further indicates that as of February 26, 2013, "no discovery responses [had] been
14  received." *Id*. The Plaintiffs state that a copy of their November 20, 2012, email along with the
15  Defendants' response to that email was attached as Exhibit G.[1] *Id*.

16  The Court has reviewed Exhibit G and it does not include a responsive email from the
17  Defendants. *See* Exhibit G, attached to Motion to Compel (#194). However, even if the
18  Plaintiffs had included a responsive email, the mere exchange of letters does not satisfy the
19  personal consultation requirement. *See ShuffleMaster,* 170 F.R.D. at 172. Personal consultation
20  means the movant must "personally engage in two-way communication with the nonresponding
21  party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid
22  judicial intervention." *ShuffleMaster*, 170 F.R.D. at 171. Meaningful discussion means the
23  parties must present the merits of their respective positions and assess the relative strengths of
24  each. *See Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D.
25  Nev. June 11, 2007). There is no indication that such a discussion occurred here. Rather, the

---

[1] In Response, the Defendants claim that the documents the Plaintiffs are seeking were not available until March 11, 2013, and the Defendants have since produced those documents. Response (#197). The Plaintiffs continue to dispute whether the Defendants' supplemental productions were sufficient. Reply (#199).

1  Defendants were readily willing to respond to the Motion to Compel with production of
2  documents.  The Defendants made no arguments that the requested information was properly
3  withheld nor that the Plaintiffs were wrong to request such information. Accordingly, it appears
4  as though this discovery dispute was not, and should have been, discussed among the parties
5  prior to seeking Court involvement.  If such conversations did take place, the Plaintiffs did not
6  sufficiently detail them in the motion or affidavit. Accordingly, the Court finds that the parties
7  did not properly meet and confer before filing the Motion to Compel (#194).
8      Finally, the Plaintiffs' contention that the supplemental disclosures are not sufficient must
9  also be discussed among the parties in a proper meet and confer before seeking Court
10  involvement.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel (#194) is DENIED without prejudice.

DATED this  26th   day of April, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge