1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *

9   ALLSTATE INSURANCE COMPANY, et al.,        )
                                               )
10                                             )
                      Plaintiffs,              )        2:10-cv-02205-APG-NJK
11                                             )
    vs.                                        )
12                                             )
    PETER MARIO BALLE, D.C., et al.,           )        **O R D E R**
13                                             )
                                               )
14                    Defendants.              )
                                               )
15  _____   )

16        Before the Court is Plaintiffs' Motion to Compel Discovery (#194). The Court has

    considered the Plaintiffs' Motion (#194), the Defendants' Response (#197), and the Plaintiffs'
17
    Reply (#199). The Court finds this motion appropriately resolved without oral argument. Local
18
    Rule 78-2.
19
                                **MEET AND CONFER**
20
          The initial inquiry with any motion to compel, is whether the moving party made
21
    adequate meet and confer efforts.   Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a
22
    motion to compel discovery must include with the motion a certification that the movant has in
23
    good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule
24
    26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the
25
    movant is attached thereto certifying that, after  personal consultation and sincere effort to do so,
26
    the parties have not been able to resolve the matter without Court action." LR 26-7. This Court
27
    has previously held that personal consultation means the movant must "personally engage in two-
28
    way communication with the nonresponding party to meaningfully discuss each contested

1  discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V.*

2  *Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation

3  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least

4  narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v.*

5  *Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the

6  informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial

7  review of discovery disputes." *Id*. This is done when the parties "present to each other the merits

8  of their respective positions with the same candor, specificity, and support during the informal

9  negotiations as during the briefing of discovery motions." *Id*.

10       The Plaintiffs state in the Affidavit attached to the Motion to Compel that the parties have

11  "been in contact" and discussed the disputed discovery requests since November 20, 2012.

12  Affidavit of Eron Cannon, Esq., attached as Exhibit H to Motion to Compel (#194). The

13  Affidavit further indicates that as of February 26, 2013, "no discovery responses [had] been

14  received." *Id*. The Plaintiffs state that a copy of their November 20, 2012, email along with the

15  Defendants' response to that email was attached as Exhibit G.[1] *Id*.

16       The Court has reviewed Exhibit G and it does not include a responsive email from the

17  Defendants. *See* Exhibit G, attached to Motion to Compel (#194).  However, even if the

18  Plaintiffs had included a responsive email, the mere exchange of letters does not satisfy the

19  personal consultation requirement. *See ShuffleMaster,* 170 F.R.D. at 172.  Personal consultation

20  means the movant must "personally engage in two-way communication with the nonresponding

21  party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid

22  judicial intervention." *ShuffleMaster*, 170 F.R.D. at 171.  Meaningful discussion means the

23  parties must present the merits of their respective positions and assess the relative strengths of

24  each.  *See Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D.

25  Nev. June 11, 2007).  There is no indication that such a discussion occurred here. Rather, the

26  _____

27      [1]In Response, the Defendants claim that the documents the Plaintiffs are seeking were not available until March 11, 2013, and the Defendants have since produced those documents. Response (#197). The Plaintiffs continue to dispute whether the Defendants' supplemental productions were

28  sufficient. Reply (#199).

1   Defendants were readily willing to respond to the Motion to Compel with production of

2   documents.  The Defendants made no arguments that the requested information was properly

3   withheld nor that the Plaintiffs were wrong to request such information. Accordingly, it appears

4   as though this discovery dispute was not, and should have been, discussed among the parties

5   prior to seeking Court involvement.  If such conversations did take place, the Plaintiffs did not

6   sufficiently detail them in the motion or affidavit. Accordingly, the Court finds that the parties

7   did not properly meet and confer before filing the Motion to Compel (#194).

8   Finally, the Plaintiffs' contention that the supplemental disclosures are not sufficient must

9   also be discussed among the parties in a proper meet and confer before seeking Court

10   involvement.

11   **CONCLUSION**

12   Based on the foregoing, and good cause appearing therefore,

13   IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel (#194) is DENIED

14   without prejudice.

15   DATED this _26th_   day of April, 2013.

16

17

18   _____
     NANCY J. KOPPE
19   United States Magistrate Judge

20

21

22

23

24

25

26

27

28

- 3 -