UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al.,   )<br>                                                                     )<br>                               Plaintiffs,         )<br>                                                                     )<br> vs.                                                              )<br>                                                                     )<br> PETER MARIO BALLE, D.C., et al.,              )<br>                                                                     )<br>                               Defendants.    )<br>_____ ) | 2:10-cv-02205-APG-NJK<br><br>**O R D E R** |

Before the Court is Plaintiffs' Motion to Compel Discovery (#202). The Court has considered the Plaintiffs' Motion (#202), the Declaration of Eron Z. Cannon, Esq., Regarding the Motion to Compel (#203), the Defendant's Response (#207), and the Declaration of Karen Ross, Esp., Regarding the Motion to Compel (#208).

**BACKGROUND**

This case involves allegations of improper treatment, billing, and referral practices, and conflicts of interest. According to the Plaintiffs, the Defendants provided treatment and care to dozens of non-party individuals who had pending claims for personal injury damages against the Plaintiffs. The Defendants' improper practices, the Plaintiffs argue, resulted in the Plaintiffs paying substantially greater sums to settle those personal injury claims than would otherwise be reasonable.

...

...

1    The Plaintiffs filed this case on December 20, 2010. Docket No. 1. The Court entered a
2 Scheduling Order on June 17, 2011. Docket No. 58. Discovery has been extended and the current
3 close of discovery is June 16, 2013. *See* Docket No. 205 at 2. Throughout discovery, the parties
4 have brought numerous discovery disputes before the Court. Most recently, on April 9, 2012, the
5 Plaintiffs filed a Motion to Compel and for Sanctions for Defendant Accident Injury Medical
6 Center's failure to produce a qualified 30(b)(6) witness. This dispute arose out of the February
7 22, 2013, deposition of Ms. Cecilia Soares as AIM's person most knowledgeable.

8    On January 18, 2013, the Plaintiff propounded on AIM a Notice of Taking Deposition
9 pursuant to Fed.R.Civ.P. 30(b)(6). The Notice set forth 25 categories upon which the person
10 most knowledgeable was required to testify and 26 categories of documents which AIM was
11 required to produce for copying and examination.  On February 22, 2013, AIM produced Ms.
12 Cecilia Soares as its person most knowledgeable for the deposition. Soares is a Medical Assistant
13 for AIM who also provides front desk and billing support. However, according to the Plaintiffs,
14 Soares was neither the person most knowledgeable nor adequately prepared with proper
15 documents for the deposition.

16    Accordingly, on March 11, 2013, the Plaintiffs sent an email to AIM requesting that they
17 provide a new 30(b)(6) witness. *See* Docket No. 203, Exhibits D-F. AIM did not respond to that
18 email. *Id*. The Plaintiffs then called and sent a follow up email on March 25, 2013. *Id*. AIM
19 responded via email that counsel was available on March 27, 2013. *Id*. The Plaintiffs then replied
20 that counsel was in a conference, but could be reached by phone or email on March 25, 2013. *Id*.
21 The Plaintiffs assert that AIM never responded. Docket No. 203. AIM states that it called on
22 March 27, 2013, and left a voicemail message but never received a return phone call. Docket No.
23 207.

24                              **DISCUSSION**

25 **I.    Preliminary Matters**

26    The Court has made clear that all pleadings in this matter shall be timely filed. AIM's
27 Response was filed three days late. This late filing was done without explanation nor request of
28 the court to accept a late filing. Under Fed.R.Civ.P. 6(b)(1)(B), the Court *may* consider the late-

1  filed Response *if* AIM can show that it failed to act because of excusable neglect.

2  AIM completely failed to mention this standard in its Response and none of the
3  information provided allows the Court to infer excusable neglect. Rather, it appears as though the
4  Response could have easily been completed by the deadline. *See* Docket No. 207.  The first two
5  pages serve no purpose other than to identify the filing, ten of the pages are merely copied and
6  pasted from the 30(b)(6) deposition transcript, and AIM's leading argument is that there was not
7  an adequate meet and confer. *Id*. Only two pages of the Response's text even argue that the
8  30(b)(6) witness was proper. *Id*.

9  AIM's failure to respond by the Court's mandated deadline is particularly egregious
10 considering it previously failed to file any response to three other motions to compel, resulting in
11 the granting of those motions.[1] *See* Docket No. 184. Thus, AIM should be particularly aware of
12 the importance of Court-mandated deadlines.

13 The Court has a strong interest in the management of its docket and expects the parties to
14 comply with its orders and the Local Rules. It is not the Court's duty to remind the parties that
15 they are supposed to present their arguments to the Court nor must the Court simply wait and
16 hope that the parties will eventually file their arguments days, weeks, or months after they are
17 due. The Court's deadlines are mandatory, not suggested, deadlines.  Thus, before the Court may
18 consider the late-filed Response, AIM was required to show excusable neglect. Fed.R.Civ.P.
19 6(b)(1)(B). AIM failed to do so, and therefore, the Court has no obligation to consider the
20 Response. *See Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317, 1323 (W.D. Wash. 2011).

---

[1] In those instances, the Plaintiffs filed three motions to compel on July 11, 2012. *See* Docket Nos. 123, 124, and 125. Responses were originally due July 28, 2012. However, on July 12, 2012, the Court stayed discovery for 60 days until September 10, 2012. Docket No. 130. Once the stay was lifted, AIM should have filed its responses within 14 days, but no response was filed.  As of December 31, 2012, AIM still had not filed a response. Docket No. 174. The Court then entered a Minute Order clearly indicating that "Responses to Plaintiff's Motions to Compel 123 , 124 , & 125 must be filed by January 16, 2013, with replies, if any, due by January 23, 2013." *Id*.  Nevertheless, AIM still failed to file responses to the three motions to compel. Accordingly, on January 22, 2013, almost a week after responses were due, the Court granted the Plaintiffs' motions to compel pursuant to LR 7-2(d) for AIM's failure to respond. Docket No. 184. As counsel knew or should known, failure to file an opposition "constitute[s] a consent to the granting of the motion." LR 7-2(d); *see also Nance v. First Horizon Home Loans*, 2012 WL 5879800 (D. Nev. Nov. 20, 2012). To date, AIM has not filed its responses to these motions.

1  Nevertheless, because the Response was one business day late, the Court will consider the
2  Response. AIM is cautioned that, in the future, the Court will not consider late filings.

3  **II.     Meet and Confer**

4        Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery
5  must include with the motion a certification that the movant has in good faith conferred or
6  attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that
7  "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto
8  certifying that, after personal consultation and sincere effort to do so, the parties have not been
9  able to resolve the matter without Court action." LR 26-7.

10        Here, the Plaintiffs have attached an affidavit indicating that they attempted to meet and
11  confer with AIM on this dispute. According to the Plaintiffs, AIM never returned a request for a
12  phone call and therefore, admittedly, no meet and confer ever occurred. Docket No. 202 at 21.
13  The Plaintiffs assert however, that they made a good faith effort to meet and confer. *Id*. AIM
14  contends that it called the Plaintiffs and left a voicemail which was never returned. Docket No.
15  207. AIM has provided no documentation nor memorialization of the alleged phone call.

16        The Court does not at this time make any determination as to whether the phone call
17  occurred in response to the third email because, merely sending three emails is not sufficient to
18  show a good faith effort to meet and confer. The Plaintiffs sent their last email to AIM on March
19  25, 2013, over two weeks before filing the present Motion, and made no further effort to contact
20  AIM. The Plaintiffs expected a call from AIM by March 27, 2013, and should have called AIM if
21  no phone call was received. The Plaintiffs, as the party bringing the motion, have the obligation
22  to make a good faith effort to meet and confer before seeking Court intervention. Although the
23  Court acknowledges that some effort was made, it was not a sufficient effort. Accordingly, the
24  Court denies this motion without prejudice.

25  ...
26  ...
27  ...
28  ...

- 4 -

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel (#202) is DENIED without prejudice.

DATED this  30th   day of April, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge