**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**
\* \* \*

ALLSTATE INSURANCE COMPANY, et al.,,

    Plaintiff,

vs.

PETER MARIO BALLE, D.C., et al.,

    Defendants.

2:10-cv-02205-APG-NJK

**ORDER**
Plaintiff's Motion to Strike (#227)

    This matter is before the Court on Plaintiff's Motion to Strike Defendant Accident Injury Medical Center, Inc.'s Errata to Request for Production of Documents and Request for Admissions to Plaintiffs (#227).

## **MEET AND CONFER**

    Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. Personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their

respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.

Here, the Plaintiff's statement regarding the meet and confer efforts is not sufficient. The Plaintiff's counsel merely indicates that he called the Defendant's counsel and was unable to come to an agreement. Docket No. 227-3 at 2. A proper meet and confer requires meaningful discussions for each contested discovery dispute and the parties must present to each other the merits of their respective positions with clear specificity and support. The Plaintiff has failed to indicate that such a discussion took place. Therefore, the Court cannot determine whether the phone conversation was meaningful and whether it met the meet and confer requirements of Local Rule 26-7(b). Accordingly, Court intervention in this matter is not appropriate at this time.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant Accident Injury Medical Center, Inc.'s Errata to Request for Production of Documents and Request for Admissions to Plaintiffs (#227) is **DENIED without prejudice**.

DATED this  3rd  day of June, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge