1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

\* \* \*

8
9

ALLSTATE INSURANCE COMPANY, et al.,,

10

Plaintiff,

11

vs.

12

PETER MARIO BALLE, D.C., et al.,

13

Defendants.

14

2:10-cv-02205-APG-NJK

**ORDER**

Plaintiffs' Motion to Strike Defendants' Expert Disclosure and Preclude Expert from Testifying at Trial Pursuant to FRCP 37 (#229)

15    Before the Court is Plaintiffs' Motion to Strike Defendants' Expert Disclosure and

16 Preclude Expert from Testifying at Trial Pursuant to FRCP 37 (#229). The Court has considered

17 the Plaintiffs' Motion (#229), the Defendants' Response (#237), and the Plaintiffs' Reply (#241).

18                                         **BACKGROUND**

19    On March 26, 2013, the Court entered a Discovery Plan and Scheduling Order setting,

20 among other dates, the discovery deadline for June 15, 2013, and the rebuttal expert disclosure

21 deadline for May 16, 2013. Docket No. 201.

22    On May 16, 2013, the Defendants disclosed Arthur Croft, PhD. D.C., as their expert

23 witness. They indicated that Dr. Croft would rebut the opinions of Plaintiffs' expert, Craig Little,

24 D.C. and that his testimony would include patient evaluation, treatment and care, billing and

25 record keeping. The Defendants also provided a copy of Dr. Croft's curriculum vitae, a list of his

26 publications from the last 10 years, a list of cases in which he testified as an expert witness in the

27 last 4 years, and his fee schedule.

28 ...

1    Also on May 16, 2013, the Defendants filed a motion to extend discovery deadlines.

2    Docket No. 217. The Court denied that motion without prejudice for failure to show that the

3    motion was filed late as a result of excusable neglect. Docket No. 219. The Defendants re-filed

4    their motion on May 21, 2013. Docket No. 221. On May 31, 2013, the Court denied the

5    Defendants' re-filed motion to extend the rebuttal expert disclosure deadline because the

6    Defendants again failed to show excusable neglect.[1] Docket No. 226.

7    On June 3, 2013, the Plaintiffs filed an emergency motion for a protective order, seeking

8    to re-schedule depositions that the Defendants had noticed on dates that witnesses and Plaintiffs'

9    counsel were not available. Docket No. 228. On June 16, 2013, the Court granted the Plaintiffs'

10   motion and ordered that all depositions should be scheduled no later than 30 days after June 16,

11   2013. Docket No. 236.

12   The same day that the Plaintiffs filed their emergency motion for a protective order, they

13   filed the present motion seeking to strike the Defendants' rebuttal expert disclosure. Docket No.

14   229. On June 4, 2013, the Defendants provided the Plaintiffs with Dr. Croft's expert report.

15   On June 20, 2013, the parties agreed to extend discovery for the purpose of conducting

16   depositions. *See* Docket No. 237 at 4. As of the date of this Order, however, the parties have not

17   filed a stipulation with the Court for Court approval.

18   **DISCUSSION**

19   **I.      Defendant Peter Mario Balle**

20   Any response opposing the Plaintiffs' motion to strike was due by June 20, 2013.  *See*

21   Local Rule 7-2(b); *see also* Docket No. 229 (docket entry indicating "Responses due by

22   6/20/2013").  No such response has been filed by Defendant Peter Mario Balle to date.

23   Accordingly, the Court finds that Defendant Peter Mario Balle has failed to oppose the motion to

24   strike and hereby GRANTS it as to Defendant Peter Mario Balle.  *See* Local Rule 7-2(d).

25   ...

26   ...

27   ────────────────

28   [1]The Defendants withdrew their request to extend the discovery deadline at a hearing before this Court.

1  **II.     Defendants Accident Injury Medical Center and Sebastian P. Balle**

2        **A.     Rule 26**

3        Federal Rule of Civil Procedure 26 requires parties "to disclose the identities of each

4  expert and, for retained experts, requires that the disclosure includes the experts' written reports."

5  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *citing*

6  Fed.R.Civ.P. 26(a)(2). "Parties must make these expert disclosures at the times and in the

7  sequence that the court orders." *Id*.

8        Here, the Defendants do not dispute that they failed to provide Dr. Croft's expert report

9  on the date it was due. Thus, the Court finds that the disclosure of Dr. Croft's expert report was

10  late in violation of Rule 26.

11        **B.     Rule 37**

12        "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial

13  of any information that is not properly disclosed." *Id. citing Yeti by Molly, Ltd. v. Deckers*

14  *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Rule 37(c)(1) is a 'self-executing,'

15  'automatic' sanction designed to provide a strong inducement for disclosure. *Id.* (quoting

16  Fed.R.Civ.P. 37 advisory committee's note (1993)).  However, two express exceptions ameliorate

17  the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to

18  disclose the required information is either substantially justified or harmless. *Yeti by Molly,* 259

19  F.3d at 1106, *citing* Fed.R.Civ.P. 37(c)(1). Further, the Court has wide latitude in using its

20  discretion to issue sanctions under FED.R.CIV.P. 37(c)(1). *Id.*; citing *Ortiz-Lopez v. Sociedad*

21  *Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001).

22        In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997), the Ninth Circuit

23  identified several factors that the court may consider in deciding whether to impose Rule

24  37(c)(1)'s exclusion sanction. Those factors include (1) the public's interest in expeditious

25  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

26  other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the

27  availability of less drastic sanctions. *Jackson*, 278 F.R.D. at 594; citing *Wendt,* 125 F.3d at 814.

28  Although a finding of willfulness or bad faith is not required in order to impose the evidence

1    preclusion sanction, willfulness or bad faith is clearly a factor in deciding the appropriate level of

2    sanction. *Jackson*, 278 F.R.D. at 594.

3         Here, the Court finds that the Defendants' nineteen day delay in producing their expert

4    report, although not substantially justified, was harmless. First, this case has already been delayed

5    due to conflicts in the counsels' schedules and the need to conduct depositions beyond the

6    discovery deadline. Although the Defendants waited until the end of the discovery period to

7    notice depositions, they are entitled to the entire discovery period, and it was a conflict in the

8    Plaintiffs' counsels' schedule that precluded the final of discovery from being productive. Thus,

9    because this case is already delayed, the Defendants' nineteen day delay in producing their expert

10   report has a minimal effect, if any, on the expeditious resolution of this case. Second, and also as

11   a result of the ongoing depositions, the Court's docket is not greatly affected by the late

12   disclosure. Third, although the Plaintiffs assert that they have been prejudiced by the nineteen

13   day delay, the Court finds that the prejudice in this one instance is, if anything, minor. The

14   Defendants disclosed the identity, qualifications, and scope of testimony of their rebuttal expert

15   on the disclosure deadline, and provided the expert report nineteen days thereafter. Although

16   typically this may not constitute harmless delay, in the circumstances of this case, it did. The

17   Plaintiffs' counsel still has time to depose Dr. Croft within the extended discovery period that

18   still must be approved by the Court, the trial is set for February 10, 2014,[2] and there is no

19   indication that Dr. Croft's report is particularly complex. Fourth, the public policy favoring

20   disposition of cases on their merits weighs in favor of not striking Dr. Croft's report. The

21   Defendants have indicated that Dr. Croft's report is of crucial importance to their case, and thus,

22   it will be beneficial towards a disposition of this case on the merits.  Finally, as the Defendants

23   have pointed out, less drastic sanctions are available. For example, the Defendants could pay the

24   Plaintiffs' costs in bringing this motion. However, because the Court finds that the Defendants'

25   delay in producing Dr. Croft's expert report was harmless, the Court will not impose any

26

27        [2]United States District Judge Gordon explicitly ordered the parties to request a continuance
     of this February trial date when requesting a continuance of discovery dates. Docket No. 211. The
28   Court, therefore, expects the parties to include a request to continue trial with their request to extend
     the discovery deadline on which they have agreed.

sanction at this time.

The Court does not find, however, that the delay was substantially justified, as the Defendants have continuously recreated the source of their litigation failures, both in their briefing and in open Court. Nevertheless, Rule 37(c)(1)'s exclusion sanction is not appropriate if a late disclosure is substantially justified _or_ harmless. The Defendants' disclosure was harmless, and accordingly, the Court denies the Plaintiffs' request to strike Dr. Croft's report.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Strike Defendants' Expert Disclosure and Preclude Expert from Testifying at Trial Pursuant to FRCP 37 (#229) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Expert Disclosure and Preclude Expert from Testifying at Trial Pursuant to FRCP 37 (#229) is **GRANTED as to Defendant Peter Mario Balle.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Expert Disclosure and Preclude Expert from Testifying at Trial Pursuant to FRCP 37 (#229) is **DENIED as to Defendants Accident Injury Medical Center and Sebastian P. Balle.**

DATED this 2nd day of July, 2013.

NANCY J. KOPPE
United States Magistrate Judge