1
2
3
4
5
6                     UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                  * * *
9   ALLSTATE INSURANCE COMPANY, et al.,    )
                                           )
10                        Plaintiffs,      )        2:10-cv-02205-APG-NJK
                                           )
11  vs.                                    )
                                           )
12  PETER MARIO BALLE, D.C., et al.,       )        **O R D E R**
                                           )
13                                         )
                          Defendants.      )
14                                         )
    _____   )
15
16          Before the Court is Accident Injury Medical Center, Inc. and Sebastial Balle MD's
17  Emergency Motion to Compel Report from Aaron Patterson, Second Request to Reopen
18  Discovery for Limited Purpose of Identifying Rebuttal Expert and Request for Sanctions (#265).
19  The Court has reviewed the Defendants' Motion (#265) and the Plaintiff's Response (#274).  The
20  Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.
21                             **BACKGROUND**
22          On June 24, 2011, Plaintiff Allstate Insurance Company made its initial disclosures.
23  Docket No. 274 at 3. At that time, Allstate disclosed Aaron Patterson as an employee witness.
24  Allstate indicated that Patterson would serve as its person most knowledgeable on its damages
25  claims and, additionally, Patterson would testify as to the calculation and amount of Plaintiffs'
26  damages.[1] The disclosure went on to say that the Plaintiffs would be unable to calculate exact
27  _____
28          [1]The Defendants represented to the Court that the initial disclosures described the scope of
    Patterson's testimony "as being limited to [his] general knowledge regarding policies and procedures
    surrounding [his position] at Allstate and [role] in the instant case." Docket No. 265 at 3. The Court
    has reviewed Allstate's initial disclosures and finds that this statement is misleading. Although

1   damages until Plaintiffs' medical experts analyzed the medical records and provided their

2   opinions thereon. Allstate would then produce its precise calculations, which would be prepared

3   by an Allstate employee and/or expert designated for that purpose.

4        On March 30, 2012, in a subsequent disclosure, Allstate indicated that Patterson would

5   also serve as a non-retained expert witness. Allstate's disclosure stated that Patterson "will

6   explain the specific calculations he conducted, the manner in which the damages were calculated,

7   the information he relied upon in reaching those calculations and any specific formulas that may

8   have been used." Docket 274 at 4.

9        On May 16, 2013, Defendant Accident Injury Medical Center noticed seven depositions.[2]

10  After extensive meet and confer efforts, and seeking Court intervention on the scope and timing

11  of the depositions, Patterson's depositions were scheduled for July 24, 2013, and July 25, 2013.

12  On June 6, 2013, Allstate produced a "Damages Spreadsheet" which, it asserts, was designed as a

13  demonstrative exhibit to aid the Defendants in comprehending the damages claim. Docket No.

14  274 at 6. On July 3, 2013, the Defendants requested that Allstate produce additional

15  documentation which it believed was required by Rule 26.[3] Docket No. 265 at 6. Allstate

16  originally agreed to and then later declined that request after determining the requested

17  information was not required. On July 12, 2013, Allstate provided the Defendants with a detailed

18  list about Patterson's opinion, which it asserts was an attempted compromise.  According to the

19  Defendants, that disclosure was the first time Allstate indicated that Patterson's opinions would

20  be based on medical expert Dr. Little's opinions.

21  . . .

22  _____

23  Allstate's initial disclosure does state that Patterson will testify as to his general knowledge regarding policies and procedures, it also lists a variety of other topics, including damages, which Patterson

24  will testify to and it in no way "limits" his testimony to his general knowledge on policies and procedures. *See* Docket No. 274-3 at 7.

25       [2]On June 10, 2013, the Court ordered that the depositions be re-noticed for mutually agreeable dates.

26

27       [3]The Defendants state that they requested "further documentation required by Rule 26." Docket No, 265 at 6. Allstate states that the Defendants requested "certain items." Docket no, 274

28  at 6. Based on these descriptions it is unclear precisely what information was being requested at that time.

1    On July 23, 2013, Defense counsel sent Allstate an email asserting that Allstate was

2    required to produce an expert report in accordance with Fed.R.Civ.P. 26(a)(2)(B). Allstate

3    disagreed. The parties agreed to meet and confer telephonically on July 26, 2013, to discuss this

4    dispute, and Allstate sent Defense counsel an email detailing its position on the matter.

5    Patterson's depositions were moved to August 8, 2013, and August 9, 2013. Plaintiffs assert that

6    Defense counsel for Accident Injury Medical Center and Dr. Sebastian Balle did not appear for

7    the telephonic meet and confer. Docket No. 274-2, Declaration of Eron Cannon, at 5. Defense

8    counsel admits that the telephonic meet and confer was scheduled, but provides that Court with

9    no information about what occurred at that meeting. Docket No. 265-1, Declaration of Karen

10   Ross, at 5

11                                          **DISCUSSION**

12   **I.    Meet and Confer**

13           The initial inquiry with any motion to compel, is whether the moving party made

14   adequate meet and confer efforts.   Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a

15   motion to compel discovery must include with the motion a certification that the movant has in

16   good faith conferred or attempted to confer with the nonresponsive party."  Similarly, Local Rule

17   26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the

18   movant is attached thereto certifying that, after  personal consultation and sincere effort to do so,

19   the parties have not been able to resolve the matter without Court action."  LR 26-7. This Court

20   has previously held that personal consultation means the movant must "personally engage in two-

21   way communication with the nonresponding party to meaningfully discuss each contested

22   discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v.*

23   *Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  Meaningful discussion means the

24   parties must present the merits of their respective positions and assess the relative strengths of

25   each.  See *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D.

26   Nev. June 11, 2007). The consultation obligation "promote[s] a frank exchange between counsel

27   to resolve issues by agreement or to at least narrow and focus matters in controversy before

28   judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).

To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. The mere exchange of letters does not satisfy the personal consultation requirement. *ShuffleMaster, Inc.* 170 F.R.D. at 172.

Here, the moving party has failed to certify that a proper meet and confer existed and the parties agree that a meet and confer was scheduled. *See* Docket No. 265-1 and Docket No. 274 at 9.  Prior to the teleconference, Plaintiffs' counsel sent Defense counsel an email outlining his position on this dispute and made suggestions on how to resolve the matter without court intervention. Docket No. 265-6, at 18. Plaintiffs' counsel also stated that he was willing to discuss the disputed issues again. *Id*. Plaintiffs' counsel then appeared for the meet and confer, and tells this Court that the Defense counsel did not appear. Although Defense Counsel does not admit her failure to appear, she remains silent on what did or did not occur at the meet and confer. *See* Docket No. 265-1 and Docket No. 274 at 9.  Defense counsel points the Court to the fact that Allstate suggests filing a motion to compel. However, that suggestion does not negate the need for a proper meet and confer as it is well established that the mere exchange of letters does not satisfy the meet and confer requirement. *See ShuffleMaster, Inc.* 170 F.R.D. at 172. The Defendants did not sufficiently certify to this Court that they personally engage in two-way communication with the Plaintiffs to meaningfully discuss this dispute in a genuine effort to avoid judicial intervention. Accordingly, the Court finds that the Defendants did not properly meet and confer and for that reason the Defendants' motion is denied.

**II.     Whether Aaron Patterson was Required to Issue and Expert Report**

      **A.     Rule 26**

In addition to denying the Defendants' motion for failure to meet and confer, the Court has also examined the motion on its merits.

The Defendants assert that Patterson was required to provide a written report containing a complete statement of his opinions because "his opinions are solely based upon the opinions of

counsel and Little." Allstate, on the other hand, argues that because Patterson is a non-retained expert witness not specifically employed to provide expert testimony and, therefore, under Fed.R.Civ.P. 26(a)(2)(B), he is not required to issue an expert report.

Rule 26(a)(2) provides:

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

The 2010 Advisory Committee Notes regarding Rule 26(a)(2)(C) state that "[t]his amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B)." The Note further states:

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness, and also provide expert testimony under Evidence Rule 702, 703 or 705. Frequent examples include physicians or other health care professionals ***and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 2(a)(2)(c).***

- 5 -

2010 Advisory Committee Notes regarding Rule 26(a)(2)(C) (emphasis added).

The Court adopts the same "plain language" interpretation of the rule applied in *Allstate Ins. Co. v. Nassiri*, 2011 WL 2975461, *6 (D. Nev. July 21, 2011) and finds that an expert report is necessary only when the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Here, there is no evidence that Patterson's duties as an Allstate employee regularly involve giving expert testimony. He has been an analyst for 8 years and has testified on damages at trial twice, and only once as an expert, and he was involved in the facts events that gave rise to the present litigation. Patterson is not specifically employed by Allstate to provide expert testimony and his duties do not regularly involve giving expert testimony. *See* Declaration of Aaron Patterson, Docket No. 274-1 at 2. Accordingly, Patterson was not required to prepare a written report or provide the other information required by Rule 26(a)(2)(B). *See* Fed.R.Civ. P. 26(a); *See also Allstate Ins. Co. v. Nassiri*, 2011 WL 2975461 (holding, inter alia, that Aaron Patterson, a non-retained expert witness, is not required to provide an expert report).

### B.    Waiver

The Defendants assert that Patterson's prior testimony in the *Nassiri* matter effectively waived the right to assert privilege. However, it is entirely unclear what asserted privilege the Defendants are referencing or what information they believe they are entitled to and have been denied on the basis of an asserted privilege. Accordingly, since the Defendants have not clearly presented their waiver argument nor explained what information they seek, the Court denies this assertion.

### III.    Request to Reopen Discovery

The Defendants seek to reopen discovery for the purpose of retaining experts to rebut Patterson's expert report. As the Court has found that Patterson is not required to produce an expert report, there is no need to reopen discovery. This request is denied.

. . .

- 6 -

**IV      Sanctions**

      The Defendants have requested Rule 37 sanctions in the amount of costs and fees associated with bringing this motion. The Court denies this request.

**CONCLUSION**

      Based on the foregoing, and good cause appearing therefore,

      IT IS HEREBY ORDERED that the Defendants' Emergency Motion to Compel Report from Aaron Paterson, Second Request to Reopen Discovery for Limited Purpose of Identifying Rebuttal Expert and Request for Sanctions (#265) is DENIED.

      DATED this 5th   day of August, 2013.

                                    _____
                                    NANCY J. KOPPE
                                    United States Magistrate Judge