UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>PETER MARIO BALLE, D.C., et al.,<br><br>　　　　　　　　　Defendants. | 2:10-cv-02205-APG-NJK<br><br>**O R D E R** |

Before the Court is Plaintiffs' Motion to Enforce Court Order (Docket #184) Against Defendant Peter Mario Balle and For Sanctions (#193). The Court has considered Plaintiffs' Motion (#193), Defendant Peter Mario Balle's Response (#196), and Plaintiffs' Reply (#198) The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

## **BACKGROUND**

On July 11, 2012, Plaintiffs filed three motions to compel. *See* Docket Nos. 123, 124, 125. Plaintiffs' Motion to Compel, Docket No. 124, specifically sought discovery from Defendant Peter Mario Balle ("PMB"). *See* Docket No. 124. The docket entry for each of Plaintiffs' motions stated that responses were due by July 28, 2012. *Id*. However, on July 12, 2012, Magistrate Judge Robert Johnston stayed discovery for 60 days. Docket No. 130. Thereafter, on September 10, 2012, in accordance with Judge Johnston's order, the stay was lifted. *Id*. On December 31, 2013, Judge Johnson entered a minute order which stated, "Responses to Plaintiff's [sic] Motions to Compel 123 , 124 , & 125 must be filed by January 16,

1  2013. . .” No. 174. This case was reassigned to the undersigned Magistrate Judge on January 7,
2  2013, for all further proceedings. Docket No. 175.
3        By January 16, 2013, PMB had failed to file responses to Plaintiffs' motions. On January
4  22, 2013, the Court granted Plaintiffs' motions pursuant to LR 7-2(d) because no Response had
5  been filed (Order 184). Docket No. 184. Defendant Accident Injury Medical filed a Motion for
6  Reconsideration of Order 184 on February 5, 2013. Docket No. 189. PMB filed a joinder to that
7  motion on February 19, 2013. Docket No. 191.
8        On February 22, 2013, Plaintiffs filed the present motion seeking a Court order to enforce
9  Order 184. Docket No. 193. Plaintiffs also sought sanctions for having to bring its prior motions
10 to compel and for Defendant's failure to comply with Order 184. *Id*. On March 11, 2013, PMB
11 responded that he disagreed with Order 184 and had accordingly filed a joinder to the Motion for
12 Reconsideration. Docket No. 196. On August 15, 2013, District Judge Andrew Gordon affirmed
13 Order 184 and denied Defendants' request for reconsideration. Docket No. 289.

14 **DISCUSSION**

15 **I.      Sanctions Relating to Plaintiffs' Motion to Compel**

16       On January 22, 2013, the Court granted Plaintiffs' Motion to Compel. Pursuant to
17 Fed.R.Civ.P. 37,

> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

. . .

. . .

- 2 -

1    Here, Plaintiffs made a good faith effort to meet and confer; however, no meet and confer
2    ever actually occurred. *See* Docket No. 193, at 3.
3    As for whether the nondisclosure was substantially justified, PMB indicates that he did
4    not respond to the discovery requests because they related to items concerning his personal
5    financial matters, were irrelevant, and did not have any relationship to the allegations made
6    against him for his chiropractic practice or the medical clinic. Docket No. 196, at 4. Additionally,
7    PMB argues, the majority of the requests were more appropriate coming from Defendant
8    Accident Injury Medical Center. *Id*. PMB's objections, however, are not fully developed as he
9    never participated in a meet and confer and did not file a response to Plaintiffs' motion to
10   compel. Nevertheless, the Court has looked at PMB's arguments generally and finds that PMB's
11   objections were incorrect, but substantially justified.[1] Accordingly, the Court will not grant
12   sanctions related to the motion to compel.

13   **II.     Motion to Enforce**

14   On August 15, 2013, District Judge Andrew Gordon affirmed Order 184 and denied
15   Defendant's request for reconsideration. Docket No. 289. Accordingly, Defendant must comply
16   with Order 184 by the close of discovery, September 16, 2013.

17   **III.    Motion to Enforce Sanctions**

18   Plaintiffs have also requested sanctions for Defendant's non-compliance with Order 184
19   in the amount of costs and fees associated with bringing the instant motion. Having reviewed the
20   matter, the Court denies this request. Defendant timely requested reconsideration of Order 184
21   and, therefore, was awaiting further instruction from the Court before complying. Accordingly,
22   Defendant's failure to comply with Order 184 prior to District Judge Gordon's August 15, 2013,
23   Order, was justified.

24   . . .
25   . . .
26   . . .

---

28   [1] The Court is not required to make a party's arguments for it. *See Williams v. Eastside Lumberyard & Supply Co.*, 190 F.Supp.2d 1104, 1114 (S.D.Ill.2001)

- 3 -

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Enforce Court Order (Docket #184) Against Defendant Peter Mario Balle and For Sanctions (#193) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant must comply with Order 184 by the close of discovery, September 16, 2013.

IT IS FURTHER ORDERED that Plaintiffs' request for sanctions is DENIED.

DATED this  20th   day of August, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge