KAREN H. ROSS, ESQ.
Nevada Bar No. 9299
*The Law Office of Karen H. Ross*
2275 Corporate Circle, Suite 160
Henderson, NV 89074
Tel (702) 485-4152
Fax (702) 485-4125
karenross@khrlawgroup.com
*Attorney for Defendants,*
*Accident Injury Medical Center*
*and Sebastian P. Balle, M.D.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PETER MARIO BALLE, D.C., SEBASTIAN P. BALLE, M.D., ARTHUR ROSSI, D.C., RICHARD CHARETTE, ELITER ATL, LLC., ACCIDENT INJURY MEDICAL CENTER, INC, ACCIDENT TRIAL LAWYERS, LLC., ACCIDENT TRIAL LAWYERS, INC., REAL TIME MARKETING, INC., ANDREW TAYLOR, RAMSEY AND ASSOCIATES, INC., and DENNIS RAMSEY,<br><br>Defendants. | CIVIL CASE NO.: 2:10-CV-02205-KJD-GWF<br><br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS' CONFIDENTIAL FINANCIAL DOCUMENTS** |

**STIPULATION AND PROTECTIVE ORDER REGARDING DEFENDANTS'
CONFIDENTIAL FINANCIAL DOCUMENTS**

The parties to the above-entitled action, by and through their attorneys or record herein, hereby agree as follows:

1. That good cause exists for the parties to enter into a Protective Order concerning the Defendants confidential financial documents, which may be provided by the Defendants to

the Plaintiffs through discovery efforts in this matter.

2. A protective Order is necessary because Defendants are of the good faith belief that these financial documents are confidential (In accordance with FRCP 26 (c)(1)(a)), forbidding Plaintiffs from disclosing discovery.

3. As such, the parties hereby stipulate that the following measures be implemented in connection with any financial documents belonging to the Defendants, that might be produced by the Defendants to the Plaintiffs pursuant to legitimate discovery requests in this matter.

   a. No party or his agent shall use any such documents for any purpose not related to the present litigation. In this regard, the parties agree not to disclose these documents to anyone other than their lawyers and their agents, experts, and the Court and/or the jury as the Court deems proper, and strictly for purposes related to the present litigation.

   b. That whenever any such financial documents obtained from Plaintiffs are used in any pleading or exhibit filed with the Court, the party filing such information will do so in a pleading wherein such pleading has been requested to be filed under seal.

   c. Upon the completion of this litigation, the parties agree that all such documents obtained from the Defendants will be returned to the Defendants.

   d. Each page of the documents that are subject to this Protective Order are to be labeled as being "Subject to Federal Court Protective Order, Case No. 2:10-CV-02205-APG-NJK."

   e. All Photocopies, transcripts, or other reproduction of the documents, or of any of the contents of those documents, are also subject to this Protective Order.

4. That without written permission from Defendants or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in

this action any protected material.

5. That the Parties further acknowledge that pursuant to <u>Kamakana v. City and Chamber of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006), any Party seeking to seal attachments to a motion for summary judgment or other dispositive motion shall be required to seek further leave of Court.

6. That when seeking leave to file documents under seal seeking protective status of the document(s), the Parties must establish "compelling reasons" to rebut the presumption of the public access and submit a separate memorandum of points and authorities which presents articulable facts identifying the interest favoring continuing the secrecy of the attachments, and show that these specific interests outweigh the public's interests in disclosure.

A disclosure by a party, or by that party's agent, of any document that is subject to this Protective Order in a matter that is inconsistent with the provisions of this Protective Order will subject that party to sanctions, which may include contempt, as this Court might deem proper.

DATED this day 11th of September, 2013.

By: _____
David Kassabian, Esq.
Brett Weatherford, Esq.
KASSABIAN, DOYLE & WEATHER
2261 Brookhollow Plaza Drive, Suite 300, LB1
Arlington, Texas 76006
817-461-8855
FAX: 817-274-9863
Attorneys for PLAINTIFFS

By: _____
Eron Z. Cannon, Esq.
McCORMICK BARSTOW, LLP
8337 West Sunset Road, #350
Las Vegas, NV 89113
702-949-1100
FAX: 702-949-1101

Attorney for PLAINTIFFS

By: _____
E. Breen Arntz, Esq.
E. BREEN ARNTZ, CHTD.
1060 Wigwam Parkway
Henderson, NV 89074
702-309-3333
FAX: 702-446-8164
Attorney for DEFENDANT
Peter Mario Balle, D.C.

By: _____
J. Mitchell Cobeaga, Esq.
THE COBEAGA LAW FIRM
550 East Charleston Boulevard, #D
Las Vegas, NV 89104
702-240-2499
Attorney for DEFENDANT
Arthur Rossi, D.C.

By: _____
Karen H. Ross, Esq.
THE LAW OFFICE OF KAREN H. ROSS
2275 Corporate Circle, Suite 160
Henderson, NV 89074
702-485-4152
Attorney for DEFENDANTS
Sebastian P. Balle, M.D. and
Accident Injury Medical Center

Dated: September 12, 2013

**IT IS SO ORDERED**

_____
U.S. Magistrate Judge