UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Plaintiffs INSURANCE COMPANY, et al., )
Plaintiffs, )
vs. )
PETER MARIO BALLE, D.C., et al., )
Defendants. )

2:10-cv-02205-APG-NJK

**O R D E R**

Before the Court is Defendants Accident Injury Medical Center, Inc. and Sebastian Balle, M.D.'s Motion to Compel Deposition Testimony, Proper Discovery Responses and for Sanctions (#296). The Court has considered Defendants' Motion (#296), and Plaintiffs' Response (#302). Replies were due by September 12, 2013.[1] *See* Court Oder, Docket No. 297. Defendants have not filed a Reply. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2.

**RELEVANT DISCOVERY BACKGROUND**

**I. Plaintiffs' Initial Disclosures**

On June 24, 2011, Plaintiffs produced thier Rule 26 initial disclosures. *See* Docket No. 296-2. The initial disclosures included 18,645 pages of claims filed on the underlying claims at issue in this litigation. *See* Docket No. 302, at 3-4. The files were Bates stamped and, additionally, Plaintiffs provided Defendants with a disk containing separate .pdf files for each

[1]The Court set an expedited briefing schedule solely because of Defendants' request that their motion be heard on an emergency basis. *See* Docket No. 296, at 4.

claim file. *Id*. Plaintiffs also provided a Privilege Log in conjunction with the production. *Id*.; *see also* Docket No. 296-2, at 23-31. The Privilege Log identified 46 redactions which, according to Plaintiffs, were redacted because they were either unrelated to claimants in the claim file or were notes entered after the file was closed as part of the Plaintiffs' investigation into this lawsuit at the direction of counsel. *See* Docket No. 302, at 4; *see also* Docket No. 296-2, at 24. The Privilege Log identifies the underlying claimant, the dates of the correspondence., and describes the correspondence. *Id*. Plaintiffs represent that they disclosed any claim notes made by adjustors from the time the underlying claims were active. *Id*.

As for recorded statements, Plaintiffs represents that they produced all recorded statements taken during the handling of the claims. *Id*. However, they withheld recorded statements that were created as part of the investigation on the grounds that such recordings are work product and not part of the underlying claim files. *Id*.

**II. Written Discovery**

On May 14, 2013, Defendants issued 24 interrogatories. *See* Docket No. 302, at 5. On June 28, 2013, Defendants amended Interrogatories 18 and 23. *Id*. Plaintiffs provided their responses to the interrogatories on June 13, 2013, which included numerous objections. *Id*.

Also on May 14, 2013, Defendants issued 87 Requests for Production. *Id*. Plaintiffs provided their responses to the interrogatories on June 13, 2013, which included numerous objections. *Id*.

On June 28, 2013, Plaintiffs filed a motion for protective order, arguing that Defendants' requests for information were overly broad. *See* Docket No. 239, at 13. On July 15, 2013, the Court held a hearing on Plaintiffs' Motion and, after a thorough discussion with the parties, ordered Defendants to narrow their discovery requests. *See* Docket No. 258. Subsequently, Plaintiffs supplemented their responses and provided Bates ranges for the Requests for Production which they believed had been narrowly tailored. *Id*.

. . .

. . .

. . .

**III. 30(b)(6) Depositions**

On July 15, 2013, the Court ordered Defendants to modify all 30(b)(6) topics to ask generally about the practices, policies and procedures of Plaintiffs as a company. Additionally, the Court limited requests for information to all of 2004 through all of 2010.

Plaintiffs sent a letter to Defendants' counsel on July 22, 2013, indicating that they would produce two 30(b)(6) witnesses in response to Defendants' notices: Jason Hayes and Aaron Patterson. Docket No. 302-1, at 53. Additionally, the letter set forth Plaintiffs' position with respect to every category in the deposition notice including the areas in which they intended to produce a witness, the limitations of that production, and where they had nothing in their possession responsive to several areas of inquiry. *Id*. With respect to the McKinsey business profile index, Plaintiffs stated that "[a]fter a diligent search, Allstate has found that it does not have in its possession any policy or procedure documents for this item." *Id*.

On July 23, 2013, Defendants issued a Second Amended Rule 30(b)(6) Deposition Notice for both Jason Hayes and Aaron Patterson. *See* Docket Nos. 296-12 and 296-13. The areas of inquiry were revised to 43 areas, including document production, and continued to include "McKinsey business profile index." *Id*. The parties met and conferred in an attempt to reach an agreement on the areas on inquiry and Plaintiffs agreed to produce additional documents as discussed above. *See* Docket No. 302, at 8.

Nevertheless, the parties were apparently unable to reach an understanding as to Area of Inquiry No. 7 in the Jason Hayes deposition which was the "McKinsey business profile index." *Id*. At the deposition, Defendants questioned Hayes about McKinsey. *See* Docket No. 296, at 10-11. Defendants did not designate "McKinsey Documents," or McKinsey as a deposition topic. See Docket No. 302, at 25-26. Nonetheless, Hayes answered some McKinsey questions that were beyond the scope of the notice before Plaintiffs indicated that they would instruct Hayes not to answer anymore questions about McKinsey which were beyond the scope of the McKinsey business profile index and the 30(b)(6) notice. Docket No. 296, at 10-11; Docket No. 302, at 27-28.

. . .

**DISCUSSION**

Defendants request a court order compelling Plaintiffs "to i) provide a qualified person most knowledgeable to appear and give testimony at a deposition; ii) produce responsive McKinsey documents; [and] iii) provide proper discovery responses . . ." See Docket No. 296, at 2. However, Defendants' arguments and briefing in support of its motion are disorganized and significantly lacking in clarity. The Court will address Defendants' discernible arguments, but it will not search for arguments which may be camouflaged in Defendants' Motion. See *Couturier v. Am. Invsco Corp.*, 2013 WL 4499008 (D. Nev. Aug. 20, 2013); *citing Williams v. Eastside Lumberyard & Supply Co.*, 190 F.Supp.2d 1104, 1114 (S.D.Ill.2001) ("A judge is the impartial umpire of legal battles, not a [party's] attorney. He is neither required to hunt down arguments [the parties] keep camouflaged, nor required to address perfunctory and undeveloped arguments.... [T]o the extent that [Defendant] failed to develop any additional argument[s] or provide any legal support for them, [they] ha[ve] waived them.")

**I. 30(b)(6) Witness Deposition Testimony**

Defendants argue that they have not been provided with a qualified person most knowledgeable to appear and give testimony at a deposition. Defendants assert that Plaintiffs' 30(b)(6) witnesses were not qualified because Plaintiffs "instructed both Patterson and Hayes not to answer on [sic] any questions involving McKinsey" and Hayes could not identify the Bates range of documents relevant to how Plaintiffs evaluate and determine whether they will pay claims. Docket No 296, at 10

In response, Plaintiffs asserts\ that Defendants were very selective in their citing of relevant testimony and provide additional portions of the deposition transcript. Addressing the assertion that Hayes could not identify a Bates range, Plaintiffs cite to the portion of Hayes' testimony in which Hayes stated that he had reviewed each topic and made sure that he was familiar with each topic. Docket No. 302, at 9. Additionally, Plaintiffs provided the Court with pinpoint citations to the portions of Hayes deposition in which Hayes was able to identify which specific documents were responsive to each area of inquiry and, additionally, where he was able to identify or otherwise provide information about each area of inquiry. *Id.* at 9-10; *citing* Hayes

Deposition Transcript, Docket Nos. 296-17 and 296-18. Defendants did not file a Reply.

The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which examination is requested." Fed.R.Civ.P. 30(b)(6). Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008), *citing Marker v. Union Fidelity Life Insurance Company*, 125 F.R.D. 121, 126 (M.D.N.C.1989).

The provided witness must be knowledgeable in order to provide "binding answers on behalf of the corporation." *Vegas Const.*, 251 F.R.D. at 538, *citing Starlight International, Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D.Kan.1999). A Rule 30(b)(6) designee is not required to have personal knowledge of the designated subject matter, but the organization has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.*

Here, the Court has reviewed Hayes' deposition transcript and finds that Hayes was able to identify or otherwise provide information about each area of inquiry. He was knowledgeable about the subject matter of the noticed topics and was adequately prepared. Therefore, he was a proper 30(b)(6) witness.

In Regards to the assertion that Plaintiffs improperly instructed Patterson and Hayes not to answer questions involving McKinsey, again it appears that Defendants were selective in their citing of relevant testimony. Hayes testified at length on McKinsey and the"McKinsey documents," indicating that they were implemented in 1995. *Id.* at 9-10; *citing* Hayes Deposition Transcript, 48:11-62:20, Docket Nos. 296-17 and 296-18. When Defendants' counsel interpreted Hayes testimony to mean Plaintiffs has been using the McKinsey Documents "since 1995," Hayes clarified that the document(s) Defendants' counsel was referring to were from 18 years ago. Therefore, per the Court's Order at the July 15, 2013, hearing, additional inquiry into

McKinsey and the McKinsey documents was improper.[2] *See* Minutes of Proceedings, Docket No. 288 ("the Court will limit requests for information that are overly broad to all of 2004 through all of 2010."). Plaintiffs, by eventually instructing Hayes to not answer questions about McKinsey, were ultimately instructing Hayes to comply with this Court's order.

Accordingly, the Court finds that Plaintiffs' objections were proper and that Hayes was a proper 30(b)(6) witness. Defendants' request for "a qualified person most knowledgeable to appear and give testimony at a deposition" is denied as Plaintiffs have already provided two such witnesses.

**II. Document Production**

**A. Requests for Production**

Defendants argue that Plaintiffs improperly "dumped" 9,000 pages of documents 4 days prior to the Hayes deposition and responded to 22 of their requests for production in an evasive manner. Docket No. 296 at 5-6. However, the Court did not give formal guidance on the requests for production until July 25, 2013, and the production was made 8 days thereafter. *See* Docket No. 262.

Additionally, Defendants have only listed the text and responses to Requests for Production 19 and 24, presumably to provide an example of Plaintiffs' alleged "evasive" responses. *Id*. Defendants state that "the complete text of each request and response is not included per Local Rule 26-7(a)." *Id*. However, Local Rule 26-7(a) states that "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." LR 26-7(a). Therefore, by not providing the complete text of the 22 requests and responses that Defendants claim are improper, they are in direct violation of LR 27-7(a). The Court cannot determine that particular responses to requests for production were improper without knowing what request was made or what response was given.

Concerning Requests for Production 19 and 24, the Court has reviewed the responses and

---

[2]Nevertheless, Defendants continued to ask, and Hayes continued to answer, questions about the McKinsey documents. Defendants ended their line of inquiry as to "what was or who was McKinsey?" Hayes Deposition Transcript, 48:11-62:20, Docket Nos. 296-17 and 296-18.

finds that they were proper. Response to Request 19 states that a large number of documents produced in Plaintiffs' Sixth Supplement are responsive to the request and indicates that Plaintiffs attached an exhibit which "identifies by bates stamp and description of policy and procedure materials responsive to the request." Docket No. 296, at 6. Defendants note that the exhibit lacked "substantive descriptions" but do not assert that Plaintiffs' response was inaccurate. *Id.* Rather, Defendants assert that Plaintiffs' responses to production did not comply with Fed.R.Civ.P. 34(b) because they did not provide sufficient guidance on how to locate actual responsive documents. *Id*. 18. The Court disagrees. Identifying the materials that are responsive to Defendants' request by Bates stamp and description of policy and procedure is sufficient guidance on how to locate actual responsive documents.

As for Request for Production No. 24, the Court finds Plaintiffs' response that the request was over-broad, vague, and burdensome, was correct. Defendants request all emails, written reports, correspondence or written documents sent between anyone "whoever participated in any way in handling the claims of Claimants." *Id*. at 6. There is no qualification or limitation whatsoever on this request. Nonetheless, Plaintiffs indicate that the information Defendants are likely seeking is already in Defendants' possession. *Id*. Plaintiffs' response was neither evasive nor in violation of Fed.R.Civ.P. 34(b).

Concerning the remaining requests for production, the Court has already found that Defendants have not properly presented their contentions per LR 26-7(a). However, in an attempt to address Defendants' unclear and broad allegations, Plaintiffs assert that Defendants made large and vastly over-broad requests and that Plaintiffs had to produce all the documents at once because Defendants "wasted the past two years" and made no effort to conduct discovery until shortly before the discovery deadline. Docket No. 302, at 16. According to Plaintiffs, the 9,000 pages that were produced were training materials and provide nothing substantive regarding its allegations against Defendants. Plaintiffs further assert that the production was, in large part, a response to the 30(b)(6) document request[3] and there is no requirement that the

---

[3]Plaintiffs assert that they produced the responses as a supplemental Rule 26 disclosure as part of an agreement after an extensive meet and confer phone conference.

documents relied upon during a 30(b)(6) deposition be organized in any particular manner. Defendants have not filed a Reply. Accordingly, the Court finds that the 9,000 pages of documents produced prior to the Hayes deposition was not an improper production.

1. McKinsey Documents

Defendants argue that "without question the McKinsey Documents are directly relevant to the first and seventh area of inquiry on the FRCP 30(b)(6) deposition notice of Jason Hayes, the evaluation and determination of the payment of claims at Plaintiffs." Docket No. 296, at 14. As discussed above, the McKinsey Documents fall outside the limits of the Court's Order at the July 15, 2013, and therefore should not be produced.

2. Custodian of Record Affidavit

Defendants take issue with the fact that Plaintiffs have indicated that they are unable to locate certain documents, including the McKinsey Documents. Docket No. 296, at 15. Defendants argue that Plaintiffs must provide an Affidavit of a Custodian of Record indicating the material details of the search conducted, the person who conducted the search, where the search took place, how much time was devoted to the search, or any other showing of their good faith effort to locate such documents. *Id*.

However, Defendants have not cited any points or authorities to support this assertion and LR 7-2 requires parties to file points and authorities in support of their motions. Further, within the Court's Order at the hearing on July 15, 2013, the Court stated that if, after conducting a full search and investigation, Plaintiffs' response is that certain documents do not exist, then that is the response. *See* Docket No. 258. Defendants have not objected to that order and the time to do so has passed. Finally, as previously stated, the Court will not search for arguments which may be camouflaged in Defendants' Motion. Accordingly, pursuant to the Court's prior order, the Court will not compel Plaintiffs to provide an Affidavit of a Custodian of Record.

3. All Portions of the Claims Files

Defendants assert that Plaintiffs improperly "dumped" 18,000 pages of documents without identifying which documents correspond to "which type of allegation asserted by Plaintiffs." Docket No. 296, at 5. Defendants imply that this "document 'dump'" occurred on

August 2, 2013;[4] however, Plaintiffs respond that these documents were provided to Defendants in June 2011. Docket No. 302, at 3-4. Defendants have not filed a Reply.

*a. Fed.R.Civ.P. 34(b)*

Defendants assert that Plaintiffs' claim files production did not comply with Fed.R.Civ.P. 34(b) because it did not provide sufficient guidance on how to locate actual responsive documents. Docket No. 296, at 18. However, Defendants provide no explanation or examples to support this assertion. Rather, it appears that Defendants are including the claims file production from June 2011 as part of their broad assertion that the responses to the requests for production were improper. This assertion appears baseless, however, as Plaintiffs represent that the files were Bates stamped and that they provided Defendants with a disk containing separate .pdf files for each claim file. *See* Docket No. 302, at 3-4.[5] Additionally, Plaintiffs provided a Privilege Log in conjunction with the production. *Id.*; *see also* Docket No. 296-2, at 23-31. The Privilege Log identified 46 redactions which, according to Plaintiffs, were redacted because they were either unrelated to claimants in the claim file or were notes entered after the file was closed as part of Plaintiffs' investigation into this lawsuit at the direction of counsel. *See* Docket No. 302, at 4; *see also* Docket No. 296-2, at 24. The Privilege Log identifies the underlying claimant, the dates of the correspondence, and describes the correspondence. *Id.* Plaintiffs represent that they disclosed any claim notes made by adjustors from the time the underlying claims were active. *Id.* Defendants have not filed a Reply and, accordingly, the Court and finds that the claims filed production satisfied Fed.R.Civ.P. 34(b).

*b. Privilege*

Defendants also seek all portions of the claims files pertaining to evaluations and opinions of the adjustors, all recorded statements of the underlying claimants, and claim correspondence. Docket No. 296, at 19. Defendants argue that Plaintiffs "cannot deny the fact

---

[4]Defendants' Motion states, "By August 2, 2013, . . . Allstate produced - more accurately, "dumped" - more than 25,000 pages in total of documents (9,000 pages responsive to Allstate's policies and procedures, and 18,000 pages responsive to all claimant files). Even aside from the dubious timing of Allstate's document "dump," . . ." Docket No. 296, at 5.

[5]Defendants have not filed a Reply indicating anything to the contrary.

that the privileges asserted do not exist or have been effectively waived." *Id*. at 21. According to Defendants, communications between the adjustors, evaluation consultants, investigators and other personnel pertaining to any suspicion of insurance fraud should be disclosed. *Id*. Defendants seek all opinions and evaluations of the adjustors to identify the extent of reliance placed upon Defendants' bills and records in comparison to the claim billings software and want to know the dates in which the suspicions of fraud were present. *Id*.

In Response, Plaintiffs assert that Defendants are confused about what has been redacted from Plaintiffs' productions due to privilege. Docket No. 302, at 19. Plaintiffs assert that all notes and recordings from when the claims files were active claims have already been produced, and that the only notes and recordings Plaintiffs withheld were created after the claims were settled and were made at the direction of counsel as part of the investigation in preparation for this litigation. *Id*. Therefore, Plaintiffs assert, that information is privileged. *Id*. at 21.

Corporations can seek and receive legal advice and communicate with counsel only through individuals empowered to act on behalf of the corporation. *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989)*; citing Commodities Futures Trading Assoc. v. Weintraub*, 471 U.S. 343, 348 (1985). Therefore, a corporation's privilege extends to communications by any corporate employee regardless of position when the communications concern matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation. *Id*. *citing United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir.1996) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981); *see also United States v. Graf*, 610 F.3d 1148, 1158 (9th Cir. 2010)("a corporation's privilege extends to communications between corporate employees and corporate counsel as long as the communications are "made at the direction of corporate superiors in order to secure legal advice.").

Accordingly, here, Plaintiffs' privilege extends to communications between the adjustors, evaluation consultants, investigators and other personnel which concern matters within the scope of their corporate duties, and as long as the personnel was aware that the information was being furnished to enable the attorney to provide legal advice to the corporation. *See id*. According to

Plaintiffs, that privilege covers all withheld communications. Defendants have not filed a Reply disputing the truth of this assertion. The Court, therefore, finds that Plaintiffs' representations are accurate and that Defendants are not entitled to the requested communications nor the opinions and evaluations of the adjustors which were created at the direction of counsel.

Finally, Defendants assert that, because Plaintiffs allege that Defendants billed for treatments not rendered, Defendants have a right to any recordings with any underlying claimant pertaining to the same. Docket No. 296, at 21. However, according to Plaintiffs, that is not the information that has been withheld, and Defendants are confused. Plaintiffs represent that the only information they have withheld was made at the direction of counsel as part of the investigation in preparation for this litigation and, as discussed above, communications between anyone employed by Plaintiffs and Plaintiffs' counsel is protected. Docket No. 302, at 21. Defendants have not filed a Reply or asserted that this is false. Additionally, the Court has reviewed Plaintiffs' Privilege Log and found no entries which indicate Plaintiffs are withholding recordings with any underlying claimant pertaining to the treatments not rendered. *See* Docket No. 296-2, at 24-30. Accordingly, the Court cannot compel Plaintiffs to produce information that either has already been produced or does not exist.

**B. Interrogatories**

Defendants state that Plaintiffs asserted attorney-client privilege and attorney work-product privilege in response to 11 Interrogatories. Docket No 296, at 7. Defendants do not indicate, however, whether or how the assertion of privilege for those 11 Interrogatory Responses was improper.[6] *Id*. Additionally, Defendants only list the text of Interrogatories 17 and 19 and the corresponding responses, which again is in violation of LR 26-7. *Id*.

Defendants' argument relating to the interrogatories is that Plaintiffs' responses do not comply with Fed.R.Civ.P. 33(d) because Plaintiffs did not provide sufficient guidance on how to locate actual responsive documents. Docket No. 296, at 18. However, Defendants have not

[6]Defendants' Motion states "[e]leven (11) discovery responses assert the attorney-client privilege and attorney work-product privilege. The breadth of these requests is aimed at the underlying facts that have been put at issue by Allstate." Docket No, 296, at 7.

pointed to a single Interrogatory response in which Plaintiffs responded via a production of documents which did not comply with Fed.R.Civ.P. 33(d). Accordingly, the Court cannot find that Plaintiffs' responses were improper.

Further, Interrogatory 17 is over-broad, vague, compound, and burdensome. Docket No. 296, at 7. It asks for any oral, written, or recorded statement or admission made or claimed to have been made by any party or witness, with no time or relevance limitation, and also seeks the name, date, and address, of the person taking or hearing the statement or admission. *See Id*. This Interrogatory seeks an expansive amount of information, most of which would not be relevant and, additionally, would be impossible to compile.

Interrogatory 19 requests the basis for the investigations conducted that led to the lawsuit. *See Id*. at 7-8. In response, Plaintiffs objected that the request was vague, overly broad, calls for a legal conclusion, and seeks to invade attorney-client and work-product privileges. *Id*. Additionally, without waiving their objection, Plaintiffs state that they noticed suspicious billing and treatment practices and conducted a diligent investigation which confirmed that their suspicions were accurate. *See Id*. Defendants have not explained why they believe this response is improper and, as stated throughout this Order, the Court will not search for arguments on Defendants' behalf.

Finally, Defendants attached all their Interrogatories and the responses to the Motion, but have not specified which they find objectionable. *See* Docket 296-4. Nevertheless, the Court has conducted a cursory review of the Interrogatories and finds that Plaintiffs responded to each interrogatory and that the responses appear appropriate under the applicable Rules and case law.

**C. Requests for Admission**

Defendants assert that with "the exception of one (1) response to the RFAs, each response failed to respond to the question." Docket No. 296, at 8. However, Defendants make no arguments concerning why they believe Plaintiffs have failed to respond. Again, as stated above, the Court will not search for Defendants' arguments. Plaintiffs have responded to each request for admission and, upon the Court's cursory review, it appears that each response and objection is appropriate. *See* Docket 296-5.

**III. Sanctions**

Sanctions are not appropriate under Fed.R.Civ.P. 37 as the Court has denied Defendants' Motion in its entirety.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants Accident Injury Medical Center, Inc. and Sebastian Balle, M.D.'s Motion to Compel Deposition Testimony, Proper Discovery Responses and for Sanctions (#296) is DENIED.

DATED this 20th day of September, 2013.

NANCY J. KOPPE
United States Magistrate Judge