**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

PETER MARIO BALLE, D.C.; SEBASTIAN P. BALLE, M.D., ARTHUR ROSSI, D.C.; RICHARD CHARETTE; ELITE ATL, LLC., ACCIDENT INJURY MEDICAL CENTER, INC.; ACCIDENT TRIAL LAWYERS, LLC.; REAL TIME MARKETING, INC.; EXPERT MANAGEMENT, INC.; ANDREW TAYLOR; RAMSEY AND ASSOCIATES, INC.; and DENNIS RAMSEY.

Defendants.

Case No. 2:10-cv-02205-APG-NJK

**ORDER**

(Defs.' Objections to Order of Magistrate Judge Denying Motion to Compel Report and Reopen Discovery – dkt. no. 291)

## I. SUMMARY

Before the Court is Defendants Sebastian P. Balle, M.D. and Accident Injury Medical Center, Inc.'s ("Defendants") Objections to Order of Magistrate Judge Denying Motion to Compel Report and Reopen Discovery (ECF No. 291). For the reasons discussed below, the Motion is denied.

\\\\\\

\\\\\\

## II. BACKGROUND

The facts surrounding this Motion are adequately set forth in Magistrate Judge Koppe's order and will not be recited here. Defendants' original motion sought to compel an expert report from Aaron Patterson, Plaintiffs' employee, who was specified as a non-retained expert testifying about Plaintiffs' computation of damages. Defendants' original motion also requested a reopening of discovery for purposes of finding a rebuttal expert to Mr. Patterson's testimony. Magistrate Judge Koppe denied the Motion on both procedural grounds and on the merits, holding that Defendants had not adequately attempted to meet and confer on the issue and that Mr. Patterson is not required to submit an expert report. Defendants seek review of Magistrate Judge Koppe's order, arguing that she erred in her application of law and fact.

## III. DISCUSSION

### A. Legal Standard

A magistrate judge's order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the district court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). The magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988)).

### B. Analysis

Magistrate Judge Koppe properly denied the Motion to Compel based on Defendants' failure to adequately meet and confer. Preliminary to a Motion to Compel, the movant is required to confer or attempt to confer with the nonresponsive party. Fed. R. Civ. P. 37(a)(2)(B). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and

not simply a formal prerequisite to, judicial review of discovery disputes." *Nev. Power v. Mansanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Parties must "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* The mere exchange of letters does not satisfy this requirement. *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996).

The parties had scheduled a July 25 telephonic conference to discuss Mr. Patterson's reporting requirements, but counsel for Defendants failed to appear. No explanation of this failure to appear was given in the original motion or in Defendants' briefing of the instant Motion. In fact, the instant motion fails to even address this portion of Magistrate Judge Koppe's order. Defendants' Reply tersely argues that in the July 3 meeting between the parties, Defendants asserted Mr. Patterson was required to file a report, and in a subsequent email, Plaintiffs' counsel's suggested the possible necessity of filing of a motion to compel. Defendants assert that this establishes the sufficiency of their efforts to meet and confer. However, Defendants have not presented any evidence or argument that the July 3 meeting involved a substantive discussion of the parties' respective positions as to Mr. Patterson.[1] Magistrate Judge Koppe properly noted in her Order that a suggestion by an opposing party that a motion to compel may be necessary is insufficient to establish the meet and confer requirement. Consequently, Defendant has not raised anything that creates a definite and clear conviction that a mistake was made in the previous Order, and the Motion was properly denied.

Additionally, Magistrate Judge Koppe's determination that Mr. Patterson is not required to file a report is not contrary to law. Under Rule 26(a)(2)(B), reports are required only from witnesses "retained or specially employed to provide expert testimony" or from a party's employee "regularly involve[d in] giving expert testimony." As an employee of Plaintiff, Mr.

[1] Rather, it appears that any actual negotiation regarding Mr. Patterson's reporting requirements only took place in email correspondence following the July 3 meeting. Further, the July 25 teleconference, at which defense counsel failed to appear, was scheduled specifically to address and attempt to resolve the dispute regarding Mr. Paterson's reporting requirements that had arisen after the July 3 meeting.

Patterson was not retained or specially employed to provide testimony, and Magistrate Judge Koppe found that he does not regularly provide expert testimony as part of his employment. Further, the determination that Mr. Patterson is not subject to Rule 26(a)(2)(B) is bolstered by both the 2010 Advisory Committee Notes to Rule 26(a)(2)(C) -- which specifically mention a party's employees as not subject to the reporting requirements of Rule 26(a)(2)(B) -- and the decision in *Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2011 WL 2975461, *6 (D. Nev. July 21, 2011), in which Magistrate Judge Foley, under almost identical facts, determined Mr. Patterson was not required to submit an expert report.

Defendants argue, however, that Magistrate Judge Koppe's determination is at odds with the Ninth Circuit decision in *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011). In *Goodman*, the Ninth Circuit held that a treating physician, typically exempt from Rule 26(a)(2)(B), was required to submit an expert report when the physician was supplied additional information after the treatment and asked to extrapolate from that information and opine as to the cause of injury. *Id.* at 825-826. However, no report was needed if the physician's testimony was restricted to opinions formed during the course of treatment. *See id.* The court reasoned that, where a physician is providing opinions formed outside the course of treatment, the physician was specially retained to provide those opinions and thus should be subject to Rule 26(a)(2)(B). *See id.* Defendants argue that because Mr. Patterson was not personally involved in assessing the original claims and his calculations rely on opinions reached by another expert, he should similarly be subject to Rule 26(a)(2)(B).

Defendants' analogy is not entirely cohesive. The objection in *Goodman* was that the physician's opinions were formed while not "employed" by the plaintiff. In other words, although the physician treated the plaintiff, he was specifically retained to provide expert testimony regarding matters outside of the scope of that treatment. However, compiling and computing damages is not so external to the scope of Mr. Patterson's employment that he must be considered specially retained for his testimony. Consequently, *Goodman* does not apply, and Magistrate Judge Koppe's determination is not contrary to law.

Finally, Magistrate Judge Koppe properly denied Defendants' request based on their waiver of privilege argument and their request to reopen discovery. Magistrate Judge Koppe noted that Defendant's waiver argument was unclear as to what asserted privilege Defendants were referencing, or even what information they believed they were entitled to. The instant Motion does not clarify Defendants' argument. Further, because Mr. Patterson is not required to submit a report, there is no need to reopen discovery.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Sebastian P. Balle, M.D. and Accident Injury Medical Center, Inc.'s Objection to Order of Magistrate Judge Denying Motion to Compel Report and Reopen Discovery (ECF No. 291) is DENIED.

DATED THIS 7th day of October, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE