UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>PETER MARIO BALLE, D.C.; SEBASTIAN P. BALLE, M.D., ARTHUR ROSSI, D.C.; RICHARD CHARETTE; ELITE ATL, LLC., ACCIDENT INJURY MEDICAL CENTER, INC.; ACCIDENT TRIAL LAWYERS, LLC.; REAL TIME MARKETING, INC.; EXPERT MANAGEMENT, INC.; ANDREW TAYLOR; RAMSEY AND ASSOCIATES, INC.; and DENNIS RAMSEY.<br><br>Defendants. | Case No. 2:10-cv-02205-APG-NJK<br><br>**ORDER**<br><br>(Defs.' Objections to Order of Magistrate Judge Denying Motion to Compel Deposition Testimony, Proper Discovery Responses, and for Sanctions – dkt. no. 315) |

Before the Court is Defendants Sebastian P. Balle, M.D. and Accident Injury Medical Center, Inc.'s ("Defendants") Objections [Dkt. #315] to Magistrate Judge Koppe's Order [Dkt. #307] denying Defendants' motion to compel deposition testimony and proper discovery responses, and for sanctions. For the reasons below, the Court does not need to wait for Plaintiffs to file a Response, and hereby denies the Motion.

Judge Koppe's September 20, 2013 Order denied Defendants' Motion to Compel. Judge Koppe noted the incoherency and lack of clarity in Defendants' arguments, as well as procedural

deficiencies in the Motion, but nonetheless addressed its merits. Judge Koppe held that Defendants' complaints were meritless, finding that (1) the Rule 30(b)(6) witnesses were knowledgeable and adequately prepared, (2) the "McKinsey documents" were outside the judicially imposed limitations on discovery and, therefore, Plaintiffs were not required to produce them and properly instructed the witnesses not to answer questions regarding them, (3) Plaintiffs adequately responded to Defendants' often vague, unqualified, and unlimited Requests for Production, Interrogatories, and Requests for Admission, and Plaintiffs' assertions of privilege were proper, and (4) sanctions were not appropriate given there was no underlying violation of the rules governing discovery.

When reviewing a magistrate judge's order, the order should be set aside only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). The magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988)).

Defendants' Motion does not raise any issue or argument that creates a "definite and firm conviction that a mistake has been committed." Defendants again fail to both identify specific requests and explain how Plaintiffs' responses were inadequate. Further, Defendants' vague and disorganized arguments are repetitive of those presented in the original motion, which were correctly and thoroughly addressed in Judge Koppe's Order. Judge Koppe also properly noted

////

////

that the Court is not required to address undeveloped or incoherent arguments. Therefore, Defendants' Motion is denied.

IT IS SO ORDERED.

DATED THIS 8th day of October, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE