**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PETER MARIO BALLE, D.C., et al., <br><br> Defendants. | 2:10-cv-02205-APG-NJK <br><br> **ORDER** <br><br> Plaintiffs' Emergency Motion to Permit Designation of Forensic Accountant Expert on Emergency Status (#310) |

Before the Court is Plaintiffs' Emergency Motion to permit Designation of Forensic Accountant Expert on Emergency Status, Docket No. 310. The Court has considered Plaintiffs' Motion, Docket No. 310, and Defendants' Response, Docket No. 318. The Court has determined that it does not need a Reply. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2.

**I.  Relevant Procedural Background**

In April 2012, Plaintiffs served written discovery on Defendant Peter Mario Balle and Defendant Accident Injury Medical Center (AIM) requesting certain financial information. Docket Nos. 310, at 3, and 318, at 4. The parties disputed whether that information needed to be provided and could not reach an agreement. *Id*.

On July 3, 2012, Plaintiffs filed two Motions to Compel, one for PMB's financial information, and on for AIM's financial information. Docket Nos. 124 and 125, respectively. Thereafter, discovery was stayed pursuant to Court order. Docket No. 130.  The stay was lifted on September 10, 2012. *Id.*  On December 31, 2012, the Court ordered Defednants to respond to

both Motions to Compel not later than January 16, 2013. Docket No. 174.

Defendants never filed responses to Plaintiffs' Motions to Compel and, on January 22, 2013, the Court granted both of Plaintiffs' Motions to Compel pursuant to LR 7-2(d). Docket No. 184. Defendants Peter Mario Balle and AIM both filed Motions for Reconsideration on February 5, 2013. Docket Nos. 189 and 191.

On August 15, 2013, the Court denied Defendants Peter Mario Balle and AIM's request for reconsideration. Docket No. 189. The District Judge affirmed the Order compelling production of the financial information and required Defendants to comply by the close of discovery on September 16, 2013. *Id*.

Defendants produced the financial documents subject to the Court's August 15, 2013, Order at the depositions of Defendants Peter Mario Balle and Sebastian Balle. Docket No. 310-1, at 3. Plaintiffs deposed Defendant Peter Mario Balle on September 12, 2013, and Defendant Sebastian Balle on September 13, 2013. Docket No. 310, at 2. Thereafter, Plaintiffs assert that they determined that they needed a forensic accountant to properly evaluate all the financial documents. Docket No. 310-1, at 3. Such a designation would require a limited re-opening of discovery. On October 2, 2013, the parties met and conferred on whether to allow the designation of a financial expert and the reopening of discovery. Docket No. 310, at 4-5. The parties could not reach an agreement. *Id*. That same day, Plaintiffs filed the present motion requesting a reopening of discovery for the limited purpose of disclosing a forensic accountant expert, deposing that expert, allowing a rebuttal expert and deposing the rebuttal expert. *Id*.

**III.   Analysis**

Applications to extend any date set by the discovery plan must be supported by a showing of good cause for the extension and be "received by the Court no later than twenty-one (21) days before the expiration of the subject deadline." LR 26-4. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act as the result of excusable neglect. *Id*.

2

Discovery in this case closed on September 16, 2013. Therefore, Plaintiffs must show both good cause and excusable neglect in order to reopen discovery for this limited purpose.

**A.    Good Cause**

Good cause for the modification of a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure primarily considers the diligence of the party seeking the amendment. *Carrillo v. Las Vegas Metro. Police Dep't*, 2013 WL 4432395, at *2 (D. Nev. Aug. 14, 2013) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992)). The court may modify the pretrial schedule if it cannot be met despite the diligence of the party seeking the extension. *Id*.

Here, Plaintiffs have shown that they were diligent in trying to obtain the requested discovery. Plaintiffs first requested the financial information in April 2012, Docket No. 310, and when the information was not disclosed, Plaintiffs promptly filed motions to compel with the Court. Docket Nos. 124 and 125. The Court granted those motions on January 22, 2013. Docket No. 184. Thereafter, Plaintiffs attempted to obtain the financial information from Defendants; however, understandably, Defendants did not turn the information over while waiting for a decision on their motion for reconsideration. *See* Docket Nos. 189, 191, 193, and 238.

Once the Court's Order was affirmed, Defendants produced the financial information and Plaintiffs deposed Defendants. Docket No. 310. It was at that time, Plaintiffs assert, that they realized they needed a financial expert and promptly requested a meet and confer with Defendants. *Id*. When an agreement was not reached, Plaintiffs filed the present motion. *Id*. Defendants, conversely, contend that Plaintiffs knew they needed a financial expert earlier than they claim and point to the fact that Plaintiffs used a financial expert in a similar case this past June. Docket No. 318, at 5. The fact that Plaintiffs used an expert in a similar case, however, has no bearing on this case. Plaintiffs only recently received the at-issue financial information from Defendants and therefore only recently could have needed a financial expert and provided him with the relevant documentation. It is illogical to argue that Plaintiffs should have hired a

3

1  financial expert prior to knowing whether they would have any financial information to give him.
2  Accordingly, the Court concludes that Plaintiffs acted diligently in attempting to obtain the
3  requested discovery and that they could not have met the prior discovery deadlines despite their
4  diligence. Thus, Plaintiffs have shown good cause.

### B.   Excusable Neglect

Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. U.S.,* 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004).

### 1.   Danger of Prejudice to Defendants

Plaintiffs argue that the danger of prejudice is low because the documents that their proposed expert would be reviewing came directly from Defendants and, additionally, Defendants have been in possession of those documents since the inception of this case. Docket No. 310, at 8. Plaintiffs also note that Defendants have been aware that Plaintiffs were seeking the financial documents since July 2012, and, therefore, it should not come as a surprise to Defendants that a financial expert is needed now that Plaintiffs have obtained the financial information. *Id*.

Defendants, on the other hand, argue that they will be prejudiced by the designation of a forensic accountant because under Plaintiffs' proposed time-line, they are given only 7 days to depose the expert upon receipt of the expert report. Docket No. 318, at 7. Defendants further note that the Plaintiffs' proposed timeline would require taking two additional deposition in the midst

1   of trial preparation and that the additional proposed discovery will be costly. *Id*. at 8.

2       Having reviewed the matter, the Court concludes that the prejudice to Defendants is low.
3   Defendants have been aware that Plaintiffs have wanted the financial information since April
4   2012, but have resisted providing that information until a final court order was issued on August
5   15, 2013. As Defendants have pointed out throughout their motion, Plaintiffs often use financial
6   experts in similar cases. Therefore, the Court concludes that Plaintiffs' request to designate a
7   financial accountant could not have come as a surprise to Defendants.

8       As for the proposed timeline, Defendants are correct in noting that it is a tight schedule.
9   However, Plaintiffs propose an equitable timeline in their motion which allows the parties equal
10  time to disclose their experts and conduct depositions. Docket No. 310, at 9. However, it appears
11  that Plaintiffs likely had approximately two weeks of additional time to seek their expert, starting
12  from the date Defendants made their disclosure until the date of Plaintiffs' motion. Therefore, in
13  order to avoid any prejudice whatsoever, the Court will extend Plaintiffs' proposed timeline to
14  include an additional two weeks for Defendants to retain their rebuttal expert.

15      2.    <u>Length of Delay and Potential Impact on Proceedings</u>

16      Plaintiffs represent that they can produce their expert report by October 31, 2013, and
17  have their expert available for deposition anytime after November 7, 2013. Docket No. 310, at 7.
18  They further assert that no extension would be needed to those deadlines and that the trial date
19  will not be impacted. *Id*.

20      Defendants argue that Plaintiffs' position that there will be no delay is illogical. Docket
21  No. 318, at 8. Specifically, Defendants assert that they cannot depose the witness, seek a rebuttal
22  witness, obtain a report, and defend against the rebuttal expert deposition in one month's time.
23  *Id*. Defendants note that this is especially true considering the upcoming judicial holidays in the
24  next two months. *Id*.

25      Having reviewed the matter, and having already determined that Defendants should be
26  given an additional two weeks to designate their rebuttal witness, the Court concludes that the

27

28      5

1  parties can complete the proposed discovery in the shortened time period, which is closer to two
2  months. However, the delay is minor because it is only a delay of one aspect of discovery and all
3  other discovery matters in this case are complete.[1] Additionally, the trial will be able to proceed
4  as scheduled on February 10, 2013.

5      This case has persisted for approximately three years, it is approaching trial, and it should
6  be the primary focus of all the parties' counsel. In regards to the "upcoming judicial holidays,"
7  the parties can rest assured that the Court will be in session for the remainder of 2013, and there
8  are only 4 dates in which the Court is closed due to holiday.  Those holidays should not impact
9  the parties ability to meet deadlines or complete any of their obligations relating to this litigation.

10      3.    <u>Reason for the Delay</u>

11      In examining reasons for delay and good faith, the court should consider: (1) whether the
12  omission reflected professional incompetence, such as an ignorance of the procedural rules; (2)
13  whether the omission reflected an easily manufactured excuse that the court could not verify; (3)
14  whether the moving party had failed to provide for a consequence that was readily foreseeable;
15  and (4) whether the omission constituted a complete lack of diligence. *Graber v. Zaidi*, 2010 WL
16  3238918 (D.Nev.2010) (*citing Pioneer*, 507 U.S. at 390–95).

17      Here, none of the above elements exist. Plaintiffs have moved to reopen discovery this
18  late in the proceedings because the court order requiring Defendants to disclose financial
19  information was not affirmed until August 15, 2013, and Plaintiffs did not receive the financial
20  information until mid-September 2013.  Therefore, they did not have the financial information to
21  give a financial expert until days before the close of discovery.  Accordingly, the Court finds that
22  the reason for the delay was the need to obtain a court order.

23      4.    <u>Whether Plaintiffs Acted in Good Faith</u>

24      Having reviewed the matter, the Court is convinced that Plaintiffs acted in good faith.

---

[1] Although there is a pending motion to strike Defendants' expert witness, Docket No. 309, that Motion has no relevance to the completion of discovery.

6

### C. Other Arguments

Defendants make additional arguments concerning why Plaintiffs should not be permitted to designate a forensic accountant witness, which the Court will address for the sake of being comprehensive. First, Defendants assert that a forensic accountant would not be admissible at trial because his disclosure would not be substantially justified or harmless. However, as discussed above, Plaintiffs' late designation is substantially justified because they did not receive the requisite financial documents until days before discovery closed. Second, Defendants argue that if Plaintiffs are allowed an additional expert witness, the jury will be confused and his testimony would be cumulative. These arguments are not relevant to the determination of whether discovery should be reopened and are not proper for this stage of the litigation. This motion concerns whether Plaintiffs may designate an expert witness and it does not concern whether certain information is or is not admissible for trial. Accordingly, these additional arguments by Defendants do not alter the Court's determination that discovery may be reopened for the very limited purpose of  disclosing an account expert, deposing that expert, allowing disclosure of a rebuttal expert and deposing the rebuttal expert.

### IV. Conclusion

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion to permit Designation of Forensic Accountant Expert on Emergency Status, Docket No. 310, is **GRANTED with amendment**.

**IT IS FURTHER ORDERED** that the following deadlines shall apply:

- Plaintiffs' forensic account expert disclosure, with report: October 31, 2013
- Plaintiffs' forensic account expert will be available for deposition: November 7, 2013
- Defendants' rebuttal expert disclosure, with report: December 16, 2013
- Defendants' rebuttal expert will be available for deposition: December 23, 2013

7

- Rebuttal expert deposition will be completed: January 10, 2014

DATED this __10th__ day of October, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge