**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | |
| Plaintiffs, | Case No. 2:10-cv-02205-APG-NJK |
| vs. | ORDER GRANTING IN PART MOTION TO SEAL |
| PETER MARIO BALLE, et al., | |
| Defendants. | (Docket No. 333) |

Pending before the Court is Plaintiffs' motion to seal. Docket No. 333. Plaintiffs seek to file their response to Defendants' motion for summary judgment, the declaration of Eron Z. Cannon in support of their response, and all exhibits attached thereto under seal. *See* Docket No. 334. Pursuant to the procedure outlined in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), Plaintiffs submitted a declaration in support of the motion to seal. Docket No. 333-1. For the reasons discussed below, the Court hereby **GRANTS in part** the motion to seal.

**I.   STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling

1  reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

**II.  ANALYSIS**

The documents at issue in the pending motion to seal are Plaintiffs' response to Defendants' motion for summary judgment, the declaration of Eron Z. Cannon in support of their response, and all exhibits attached thereto. *See* Docket No. 334. Plaintiffs assert that these documents should be sealed because they pertain to underlying claimants' medical care and their individual confidential medical records. Docket No. 333, at 3-4.

In support of the motion to seal, Plaintiffs submitted the declaration of Eron Cannon stating, in part, that this information:

> [is] private, protected and privileged information . . .
>
> The sealing of documents is necessary for the protection of underlying claimants' medical care and treatment. There is little or no public interest in the information and documents . . .

Docket No. 333, at 2,4.

The Court has reviewed Plaintiffs' response to Defendants' motion for summary judgment, the declaration of Eron Z. Cannon in support of their response, and all exhibits attached thereto, and concludes that the documents contain both information that is traditionally kept secret and information that is not. For example, Plaintiffs' response references protected health information for certain

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

individuals, but it also contains legal arguments and factual information not related to private confidential health care information. This document could be easily redacted. Document 334-1 contains no confidential information whatsoever and is merely an objection to certain evidence submitted by Defendants. Similarly, Document 334-2 contains the exact same information that is already on the public docket in Document 333-1.

Accordingly, the Court concludes that although both good cause and compelling reasons exist to seal information that overcomes the presumption of public access, that information has not been properly redacted, and the information within the motion as well as in the exhibits can be easily redacted while leaving meaningful information available to the public.

### III.   CONCLUSION

For good cause shown,  Plaintiffs' motion to seal, Docket No. 333, is hereby **GRANTED in part**.  The unredacted motion, declaration, and exhibits at Docket No. 334 will remain under seal.

It is further ordered that Plaintiffs must file a redacted version of Docket No. 334, leaving meaningful information available to the public while still protecting private health information, no later than **November 20, 2013.** Failure to do so may cause the Court to order the motion filed in the public record.

IT IS SO ORDERED.

DATED: November 13, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge