UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PETER MARIO BALLE, et al., )<br>)<br>Defendants. )<br>) | Case No. 2:10-cv-02205-APG-NJK<br><br>**ORDER GRANTING IN PART MOTION TO SEAL**<br><br>(Docket No. 338) |

Pending before the Court is the parties' joint motion to seal. Docket No. 338. The parties seek to file their proposed joint pre-trial order under seal.[1] *See* Docket No. 339 (un-redacted pre-trial order); *see also* Docket No. 340 (redacted pre-trial order). Pursuant to the procedure outlined in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), Plaintiffs submitted a declaration in support of the motion to seal. Docket No. 338-1. For the reasons discussed below, the Court hereby **GRANTS** the motion to seal.

. . .

. . .

---

[1] The parties represent that they believe that the protective order issued by this Court on June 13, 2011, Docket No. 51, is sufficient to allow filing portions of the pre-trial order under seal. Docket No. 338, at 2. The Court reminds the parties of the August 1, 2013, Order issued by this Court which outlines the procedures that apply to any documents filed under seal in this case. *See* Docket No. 271. All motions to seal must comply with that Order issued by the Court.

**I.   STANDARD**

The documents at issue in the motion to seal are all related to a non-dispositive motion. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

**II.   ANALYSIS**

The information at issue in the pending motion to seal includes the underlying claimants' identification information, medical care and their individual confidential medical records. Docket No. 338, at 4-5. The Court finds good cause exists to seal this information that overcomes the presumption of public access. However, as demonstrated by the redacted pre-trial order filed by the parties, that information can be , and was, easily redacted while leaving meaningful information available to the public.

The parties have requested that the Court allow the parties to file under seal the portion of the joint pre-trial order that references the names of the underlying claimants and their addresses. The Court hereby grants that request.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

### III. CONCLUSION

For good cause shown, Plaintiffs' motion to seal, Docket No. 338, is hereby **GRANTED.**

1. The un-redacted proposed pre-trial order, Docket No. 339, will remain under seal.
2. The redacted proposed pre-trial order, Docket No. 340, will be unsealed and filed in the public record.

**IT IS SO ORDERED**.

DATED: November 19, 2013

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE