1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

**\* \* \***

7

8
ALLSTATE INSURANCE COMPANY, et al.,

9
        Plaintiff(s),

10
    vs.

11
PETER MARIO BALLE, D.C., et al.,

12
        Defendant(s).

13

2:10-cv-02205-APG-NJK

**ORDER**

Defendants Accident Injury Medical Center Inc. and Sebatian Balle M.D.'s Motion to Strike Plaintiffs' Expert Stephen Scheets, or Alternatively, Limit Testimony (Docket No. 361).

14
        Before the Court is Defendants Accident Injury Medical Center Inc. ("AIM") and

15
Sebatian Balle M.D.'s Motion to Strike Plaintiffs' Expert Stephen Scheets, or Alternatively,

16
Limit Testimony (Docket No. 361). The Court has considered Defendants' Motion (Docket No.

17
361), Plaintiffs' Response (Docket No. 365), and Defendants' Reply (Docket No. 369). The

18
Court finds this motion appropriately resolved without oral argument. Local Rule 78-2. For the

19
reasons discussed below, Defendants' motion is DENIED.

20
**I.    Procedural Background**

21
        On August 15, 2013, the Court ordered Defendants Peter-Mario Balle and AIM to

22
produce certain financial information by the close of discovery on September 16, 2013. Docket

23
No. 189. Pursuant to the Court's Order, Defendants produced the financial documents at the

24
depositions of Defendants Peter Mario Balle and Sebastian Balle. Docket No. 310-1, at 3.[1]

25
Thereafter, Plaintiffs determined that they needed a forensic accountant to properly evaluate all

26
the financial documents. Docket No. 310-1, at 3. Accordingly, Plaintiffs filed a motion

27
requesting a reopening of discovery for the limited purpose of disclosing a forensic accountant

28

---

[1]Plaintiffs deposed Defendant Peter-Mario Balle on September 12, 2013, and Defendant Sebastian Balle on September 13, 2013. Docket No. 310, at 2.

1   expert, deposing that expert, allowing a rebuttal expert and deposing the rebuttal expert. Docket

2   No. 310, at 4-5. Docket No. 310, at 4-5. The Court granted that motion and reopened discovery

3   for the requested limited purpose. Docket No. 319. Thereafter, Plaintiffs designated Stephen

4   Scheets as their forensic accountant expert. Docket No. 365, at 2. Defendants deposed Scheets on

5   November 7, 2013. *Id.*

6       On December 27, 2013, Defendants AIM and Sebastian Balle filed the instant motion

7   seeking to strike Scheets or, alternatively, limit his testimony. Docket No. 361.[2] Subsequently, on

8   January 10-11, 2014, Defendants AIM and Sebastian Balle filed approximately 15 motions in

9   limine, some of which overlap the arguments made in the instant motion. See Docket Nos. 371-

10  385.

11  **II.    Arguments Superseded By Defendants' Motions in Limine**

12      Defendants Accident Injury Medical Center Inc., and Sebatian Balle M.D.'s

13  ("Defendants") motion to strike argues that Stephen Scheets' opinions are inadmissible;

14  therefore, it is more appropriately labeled a motion in limine.[3] As discussed above, Defendants

15  replicate many of the arguments in the instant motion in the motions in limine they filed on

16  January 10-11, 2014. In the interest of judicial economy, the Court will not address the duplicate

17  arguments in this order. Rather, the arguments in the instant motion which are repeated in

18  Defendants' motions in limine are deemed superseded. Those arguments are as follows:

19      First, in the instant motion, Defendants assert that Scheets' opinions relating to money

20  laundering and based on federal criminal statutes are not relevant to this case and highly

21  prejudicial. Docket No. 361, at 7-10 and 16-17. Similarly, two of Defendants' motions in limine,

22  Docket Nos. 383 and 394, argue that references or accusations to money laundering are not

23

24      [2] Defendant Peter-Mario Balle did not join the instant motion.

25      [3] A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir.1999). In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind

26  during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3, (2000). Additionally, "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the

27  motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co., 326

28  F.Supp.2d at 846.

1   relevant to the instant case and are highly prejudicial. Docket No. 383, at 6; Docket No. 384, at

2   5-6. Therefore, in at least two separate motions, Defendants have requested that any information,

3   reference to, or accusation of money laundering be excluded from trial for the same reasons.

4   Docket No. 361, at 7-10 and 16-17; Docket No. 383, at 6; Docket No. 384, at 5-6.  Accordingly,

5   the Court will address this issue when it decides the motions in limine, and not in the instant

6   motion.

7           Second, in the instant motion, Defendants assert that Scheets' opinions are not "tied to

8   the facts." Docket No. 361, at 7 and 11-13. Whether certain evidence or testimony is "tied to the

9   facts" is a question of relevancy. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)

10  (citing *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)).  Here, Scheets' opinions

11  are based on certain financial information including accounts, tax returns, and balance sheets.

12  Docket No. 365-4. Therefore, the instant motion argues that Scheets' opinions relating to the

13  specific financial information he reviewed are not relevant. *See* Docket No. Docket No. 361, at 7-

14  13.  Defendants make the exact same argument in their motion in limine, Docket No. 378, by

15  arguing that "certain financial information" is not relevant, including the information reviewed

16  by Scheets. Docket No. 378, at 4. Additionally, to the extent that Defendants' instant motion

17  encapsulated the relevance of Defendants' marketing strategies, they also make that argument in

18  their motion in limine, Docket No. 383. Docket No. 383, at 5-6. Therefore, the Court's decision

19  on the above-mentioned motions in limine will address this issue.

20          Next, Defendants assert in the instant motion that Scheets' testimony should, at a

21  minimum, be limited to the time frame at issue (2004-2010) and that opinions beyond that time

22  frame are not relevant to the instant case and should be excluded. Docket No. 361, at 18.

23  Defendants' motion in limine, Docket No. 383, makes the same argument by asserting that "any

24  medical billing, financial information, or other documents dated before or beyond 2004 to 2010

25  is irrelevant and should be excluded." Docket No. 383, at 7; see also Docket No. 383, at 13.

26  Accordingly, the Court will make a determination on whether evidence should be limited to the

27  2004-2010 time frame when it decides the motion in limine.

28  . . .

1   **III.     Admissibility of Stephen Scheets' Testimony**

2        The remaining discernable argument in Defendants' instant motion is that Scheets did not

3   use a proper methodology in formulating his opinions.[4]

4        **A.     Federal Rule of Evidence 702**

5        The Supreme Court and the Ninth Circuit have held that an expert's testimony is

6   admissible only if (1) the expert is qualified; (2) his opinion is reliable; and (3) his testimony is

7   relevant and will assist the trier of fact. *Daubert,* 509 U.S. at 588–595; *General Electric Co. v.*

8   *Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Primiano v.*

9   *Cook*, 598 F.3d 558 (9th Cir. 2010); *Morin v. United States*, 534 F.Supp.2d at 1184, 1187 (D.

10  Nev. 2005).   Fed.R.Evid. 702 permits a

11       witness who is qualified as an expert by knowledge, skill, experience, training, or
         education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific,
12       technical, or other specialized knowledge will help the trier of fact to understand the
         evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or
13       data; (c) the testimony is the product of reliable principles and methods; and (d) the
         expert has reliably applied the principles and methods to the facts of the case.
14

15       "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their

16  general approach of relaxing the traditional barriers to opinion testimony." *Jinro Am., Inc. v.*

17  *Secure Investments, Inc.*, 272 F.3d 1289 (9th Cir. 2001) (citations omitted). "An expert

18  witness—unlike other witnesses—is permitted wide latitude to offer opinions, including those

19  that are not based on firsthand knowledge or observation, so long as the expert's opinion [has] a

20  reliable basis in the knowledge and experience of his discipline." *Id*. (internal citations and

21  quotation marks omitted).

22  . . .

23  _____

24       [4] Many of Defendants' arguments in support of its motion are disorganized, overlapping, and
    lacking in clarity. The Court believes it has addressed all of Defendants' arguments, but it will not
25  search for arguments which may be camouflaged in Defendants' motion. *See Plaintiffs Ins. Co. v.*
    *Balle*, 2013 WL 5323968 (D. Nev. Sept. 20, 2013) (citing *Couturier v. Am. Invsco Corp.,* 2013 WL
26  4499008 (D.Nev. Aug. 20, 2013) (*citing Williams v. Eastside Lumberyard & Supply Co.,* 190
    F.Supp.2d 1104, 1114 (S.D.Ill.2001) ("A judge is the impartial umpire of legal battles, not a [party's]
27  attorney. He is neither required to hunt down arguments [the parties] keep camouflaged, nor required
    to address perfunctory and undeveloped arguments.... [T]o the extent that [Defendants] failed to
28  develop any additional argument[s] or provide any legal support for them, [they] ha[ve] waived
    them.")).

**B.     Stephen Scheets' Qualifications**

Nowhere in Defendants' motion do they assert that Scheets is not a qualified expert. *See*

Docket No. 361. Defendants do, however, allude to the idea by stating that Scheets "has *no*

*experience in interpreting Nevada law* and his 'experience' was gained solely in the federal

criminal sector." Docket No. 361, at 15 (emphasis in original). The Court has reviewed Scheets'

qualifications and report, and finds that his background and experience satisfy the threshold

qualification requirements of Rule 702(a). *See* Docket No. 365-4.  Should Defendants want to

argue that the strength of Scheets' credentials relate to his credibility, Defendants may, of course,

attack his credibility on cross-examination. *See Kennedy v. Collegen Corp.*, 161 F.3d 1226,

1230–31 (9th Cir. 1998).

**C.     Reliability of Stephen Scheets' Testimony**

Experts must not only be qualified to testify on a specific matter, but their testimony must

be reliable. Expert testimony is reliable if it is "based upon sufficient facts or data, . . . the

product of reliable principles and methods," and the expert "applies the principles and methods

reliably to the facts of the case." Fed.R.Evid. 702. In *Daubert*, the United States Supreme Court

set forth a non-exhaustive list of factors that may guide a court in assessing the reliability of

offered testimony:

> (1) whether a scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the techniques operation; and (4) whether the technique is generally accepted.

509 U.S. at 593–94; *see also Estate of Barabin v. AstenJohnson, Inc.*, __F.3d__, 2014 WL

129884, at *4 (9th Cir. Jan. 15, 2014).

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court clarified that

the trial court "may consider one or more of the more specific factors that *Daubert* mentioned

when doing so will determine that testimony's reliability." *Id*. at 141. The *Daubert* factors,

however, were not intended to be exhaustive, or to apply in every case. *Id*. at 158. The test of

reliability is flexible, and "*Daubert*'s list of specific factors neither necessarily nor exclusively

1   applies to all experts or in every case." *United States v. Alatorre*, 222 F.3d 1098, 1101 (9th Cir.

2   2000) (*quoting Kumho Tire*, 526 U.S. at 141–42). The trial judge must have considerable leeway

3   in deciding how to determine whether expert testimony in a particular case is reliable, "[t]hat is

4   to say, a trial court should consider the specific factors identified in *Daubert* where they are

5   reasonable measures of the reliability of expert testimony." *Kuhmo Tire*, 526 U.S. at 152.

6   Further, it is within the broad discretion of the trial court to determine whether *Daubert*'s specific

7   factors are, or are not, reasonable measures of reliability in a particular case is a matter. *Id*. at

8   153.  Thus, reliability concerns may focus upon personal knowledge or experience rather than

9   upon scientific foundations. *See United States v. Plunk*, 153 F.3d 1011, 1017 (9th Cir. 1998)

10  (upholding the admission of expert testimony from law enforcement officer regarding jargon of

11  narcotics trade on basis of expert's training, experience, and personal knowledge).

12      Here, Defendants assert that Scheets' testimony is not reliable because "he admits to not

13  using any peer reviewed methodology and only relies on his own experience and Plaintiffs'

14  second amended complaint to formulate his opinions." Docket No. 362, at 13.

15      As an initial matter, Scheets' report makes clear that he relied upon approximately 22

16  sources of information in formulating his opinions. See Docket No. 365-4, at 2-3. Thus, the basis

17  of his opinions is not solely his experience and Plaintiffs' second amended complaint.

18      Next, Defendants' argument that Scheets failed to use peer reviewed methodologies

19  implies that the *Daubert* factors strictly apply to all expert testimony. As stated above, however,

20  the *Daubert* factors were not intended to be exhaustive, or to apply in every case. *Kumho Tire*,

21  526 U.S. at 158.  Here, Scheets' report concerns his findings related to certain financial

22  information. Scheets reviewed the documents that were given to him and then formulated

23  opinions on what activities he believes are represented by those documents and what those

24  documents implicate. Essentially, he read and interpreted the documents using his experience and

25  personal knowledge. Thus, under the facts and circumstances specific to this case, Scheets'

26  methodology meets the threshold qualification requirements of Rule 702**.**

27  . . .

28

1

**CONCLUSION**

2        Based on the foregoing, and good cause appearing therefore,

3        **IT IS HEREBY ORDERED** Defendants Accident Injury Medical Center Inc. and

4 Sebatian Balle M.D.'s Motion to Strike Plaintiffs' Expert Stephen Scheets, or Alternatively,

5 Limit Testimony (Docket No. 361) is **DENIED**.

6

7        DATED: January 22, 2014.

8

9

10        _____
         NANCY J. KOPPE
11        United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28