UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | |
| Plaintiffs, | Case No. 2:10-cv-02205-APG-NJK |
| vs. | ORDER GRANTING IN PART MOTION TO SEAL |
| PETER MARIO BALLE, et al., | |
| Defendants. | (Docket No. 338) |

    Pending before the Court are Plaintiffs' emergency motions to seal, Docket Nos. 436 and 437. The motions appear to be identical to one another with the exception that Docket No. 436 is not signed. Accordingly, Docket No. 437 supersedes Docket No. 436, and Docket No. 436 is hereby DENIED as moot.

    In the remaining motion to seal, Docket No. 437, Plaintiffs seek to file under seal their emergency motion to enforce settlement. *See* Docket No. 438 (sealed emergency motion to enforce settlement). Pursuant to the procedure outlined in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), Plaintiffs submitted a memorandum of points and authorities in support of the motion to seal. Docket No. 437. For the reasons discussed below, the Court hereby **GRANTS** the motion to seal.

. . .

. . .

**I.    STANDARD**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). Further, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

**II.   ANALYSIS**

The information at issue in the pending motion to seal includes the specific terms of settlement discussions as well as several versions of the settlement agreement itself. Docket No. 438. The Court has reviewed Plaintiffs' motion as well as each of the exhibits attached thereto and concludes that they all contain confidential settlement information which is traditionally kept secret for policy reasons and which warrants keeping them sealed. Further, the Court finds that both good cause and compelling reasons exist to seal this information that overcome the presumption of public access and that the documents cannot be easily redacted while leaving meaningful information available to the public.

---

[1] *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents. The same analysis and standards apply to a party's motion to seal. *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").

**III.   CONCLUSION**

For good cause shown,

IT IS HEREBY ORDERED that Plaintiffs' motion to seal, Docket No. 437, is **GRANTED.** Plaintiffs' emergency motion to enforce settlement, Docket No. 438, will remain under seal.

IT IS FURTHER ORDERED that Plaintiffs' motion to seal, Docket No. 436, is **DENIED** as moot.

IT IS SO ORDERED.

DATED: February 20, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge