UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | |
| Plaintiff(s), | Case No. 2:10-cv-02205-APG-NJK |
| vs. | ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE |
| PETER MARIO BALLE, et al., | (Docket No. 465) |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to seal. Docket No. 465. For the reasons discussed below, the motion to seal is hereby **DENIED** without prejudice.

**I.    STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1] Those compelling reasons must outweigh the

---

[1] Motions for default judgment are considered dispositive for purposes of the Court's sealing analysis. *See, e.g.*, *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 2013 WL 550563, *1 (N.D. Cal. Feb. 12, 2013) (finding motion for default judgment dispositive, and applying the "compelling reasons" standard).

competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process). Any sealing request must be narrowly tailored. To the extent any confidential information can be redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137.

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

A party's burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons *supported by specific factual findings*." *Id.* at 1178 (emphasis added). The Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant makes "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Moreover, the movant must make that required particularized showing for each document that it seeks to seal. *See, e.g.*, *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II. ANALYSIS

The pending motion to seal is deficient in numerous respects. First, Plaintiffs appear to rely on the "good cause" standard applicable to non-dispositive motions. *See* Decl. of Eron Cannon ¶ 7. As noted above, however, the more rigorous "compelling reasons" standard applies to the pending motion to seal because the documents at issue relate to a motion for default judgment. *See, e.g.*, *Louisiana Pacific*, 2013 WL 550563, at *1. Second, a motion to seal cannot be based solely on conclusory assertions. The pending motion asserts in general terms that the filed documents contain information related to a settlement and "detail[] protected health information and confidential financial information." *See* Mot. at 4. Such conclusory assertions are insufficient to meet the compelling reasons standard. *See, e.g.*, *Kamakana*, 447 F.3d at 1182. Third, the pending motion seeks to seal 528 pages of briefing and nearly 30 attached exhibits. In order to seal each of those documents, Plaintiffs must make a specific factual showing that compelling reasons exist to seal *each* of those documents. *See, e.g.*, *San Jose Mercury News*, 187 F.3d at 1103. The pending motion fails to do so. Fourth, where documents may be redacted while leaving meaningful information available to the public, the Court will allow only redaction of filed documents rather than outright sealing of the documents in their entirety. *See, e.g.*, *Foltz*, 331 F.3d at 1137. The pending motion fails to explain why redaction is not possible here, nor does it provide a proposed redacted version of the filed documents.[2]

## III. CONCLUSION

For the reasons discussed above, the motion to seal is hereby **DENIED** without prejudice. Plaintiffs shall file a renewed motion in compliance with this order no later than April 3, 2014. The renewed motion shall make a showing that sealing is appropriate as to each document for which sealing is sought. The renewed motion shall specifically identify any of the filed documents for which sealing is not sought. The renewed motion shall also include a submission of a proposed redacted version of each document, as appropriate under the relevant standard. To the extent any other party seeks to keep any information contained in Docket No. 466 sealed, they shall immediately contact Plaintiffs and shall

---

[2] Where redaction of a document is at issue, the compelling reason analysis must be specific to the actual information contained in the document for which redaction is sought.

1 | join in the renewed motion to seal as appropriate.  The documents filed at Docket No. 466 will remain
2 | under seal until the Court can make a determination on the renewed motion.  Failure to timely file the
3 | renewed motion may result in the Court unsealing those documents.
4 |     IT IS SO ORDERED.
5 |     DATED: March 27, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge